AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

FILED BY _____ D.C.

JUN 0 1 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. W.P.B.

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| Scott Joseph TRADER | ) | 17-60-WM |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___9/30/15 to on or about 6/1/2017___ in the county of ___St. Lucie___ in the

___Southern___ District of ___Florida___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252(a)(2) | Receiving and Distributing Material Involving the Sexual Exploitation of Minors. |
| 18 U.S.C. §§ 2251(a) | Employing, Using, Persuading, Inducing, Enticing or Coercing a Minor to Engage in Sexually Explicit Activity for the Purpose of Producing any Visual Depiction of Such Conduct |

This criminal complaint is based on these facts:

-SEE ATTACHED AFFIDAVIT -

☑ Continued on the attached sheet.

_____
Complainant's signature

S/A Brian Ray, Homeland Security Investigations
Printed name and title

Sworn to before me and signed in my presence.

Date: ___June 1, 2017___

_____
Judge's signature

City and state:        West Palm Beach, Florida        William Matthewman, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT
# OF
# Brian Ray
# SPECIAL AGENT
# HOMELAND SECURITY INVESTIGATIONS

I, Brian Ray, after being duly sworn, depose and state:

1.   I am a Special Agent (SA) employed by Homeland Security Investigations (HSI), having been so employed since March 2003. From 2001 to 2003, I was employed by the U.S. Customs Service as a Special Agent. From 1994 to 2001, I was employed as a deputy sheriff in Florida.  From 1985 to 1994, I served as a U.S. Air Force Security Policeman.  I have been assigned to the investigation of cases involving the sexual exploitation of children. These investigations have included the utilization of surveillance techniques, undercover activities, the interviewing of subjects and witnesses, and the planning and execution of search and arrest warrants.  I have received formal training on the aforementioned investigations at the Federal Law Enforcement Training Center, HSI Cyber Crimes Center and at Internet Crimes Against Children Conferences.

2.   I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 United States Code.  That is, I am an officer of the United States, who is empowered by law to conduct investigations of and

make arrests for, offenses enumerated in Title 18, United States Code, Sections 2251, 2252, 2422, *et seq*.

3.    I have participated in investigations involving pedophiles, preferential child molesters, and persons who collect and/or distribute child pornography, along with the importation and distribution of materials relating to the sexual exploitation of children.  I have received training in the area of child pornography and child exploitation through the U.S. Customs Academy and HSI Cyber Crimes Center.  I have completed the Treasury Computer Forensic Training Program's Basic and Advanced Computer Evidence Recovery courses and I am currently assigned as a HSI computer forensic examiner. I have observed and reviewed examples, and assisted in numerous child pornography and child exploitation investigations, which have involved reviewing examples of evidence in all forms of media including computer media, and have discussed and reviewed these materials with other law enforcement officers.

4.    I am conducting an investigation involving the sexual exploitation of children and related activities of the individual named herein, Scott Joseph TRADER.  I am familiar with the facts and circumstances surrounding this investigation from my own investigative efforts, as well as from information obtained from

other law enforcement officers with personal knowledge of the evidence and activities described herein. Although familiar with the facts and circumstances of this investigation, I have not included each and every fact known to me about the matters set forth herein, but only those facts that I believe are necessary to establish probable cause to believe that Scott Joseph TRADER violated 18 U.S.C. §§ 2252(a)(2), which makes it a crime to transport, distribute, receive and/or possess child pornography, or attempt to do so, and 18 U.S.C. §§ 2251(a), which makes it a crime to employ, use, persuade, induce, entice or coerce a minor to engage in sexually explicit activity for the purpose of producing any visual depiction of such conduct.

5.   On 30 May 2017, the Thomasville Police Department, North Carolina, received a complaint from the stepfather of a 9 year old victim. The complainant reported his discovery of explicit chat communications between the victim and her chat partner "Scott" on Smartphone Application #1. The complainant provided the victim's mobile device to police for examination. The Thomasville Police Department requested the assistance of HSI Winston-Salem in furthering the investigation.

6.   HSI Winston-Salem's examination of the victim's device revealed text communications with Scott on the evening of 30 May

2017, using Smartphone Application #1. The victim provided Scott
pictures which clearly indicated she was a preteen female. Scott
requested nude images from the victim and transmitted a child
pornography video to the victim. The video was a 37 second long
depiction of an adult male rubbing his penis on the vagina of a
preteen female. Scott claimed the female depicted in the video
was ███████████. Scott also sent a masturbation video to the
victim, along with a still image which depicted Scott's face.

7.   Scott had a profile on Smartphone Application #1. The
profile had a picture of his face, along with an apparent minor
female. The face depicted in the still image transmitted to the
victim matched the Scott profile image. Scott also listed his
username for Smartphone Application #2.

8.   Smartphone Application #2 was sent an emergency
disclosure request for the subscriber information associated with
the user name provided in the Smartphone Application #1 "Scott"
user profile. Smartphone Application #2 responded, indicating the
email account associated with the account was
strader0227@yahoo.com. Smartphone Application #2 also provided a
login history, indicating there were logons to the account from
IP address 76.110.46.234 starting 1 May 2017, through 31 May
2017, at 06:36 UTC. The IP address is registered to Comcast. The

Smartphone Application #2 profile picture matched the aforementioned "Scott" profile and still image pictures.

9.   Comcast was sent an emergency disclosure request for information associated with the subscriber assigned IP address 76.110.46.234 on 31 May 2017 at 06:36 UTC. Comcast responded, identifying the subscriber as Shelly Trader, 1189 SW Edinburgh Drive, Port St. Lucie, Florida, 34953.

10.   A check of the Florida Department of Highway Safety and Motor Vehicle (DHSMV) records indicated that on 1 August 2016, Scott TRADER, listed his mailing address as 1189 SW Edinburgh Drive, Port St. Lucie, Florida, 34953. TRADER's Driver License photograph matches the aforementioned "Scott" user profile and transmitted images.

12.   On 31 May 2017, at 11:51 PM, Magistrate Judge William Matthewman signed a federal search warrant authorizing the search of 1189 SW Edinburgh Drive, Port St. Lucie, Florida. On 1 June 2017, at approximately 1:10 AM, I executed the search warrant.

13. Scott Joseph TRADER was located in the residence in a bedroom he shares with his wife. After being advised of his rights, TRADER invoked his right to counsel.

14. From the floor under a DVD storage cabinet in TRADER's bedroom, concealed behind a toe board, a Samsung smartphone, an LG smartphone, nine SD cards and a Western Digital hard drive were recovered.

15. A preliminary exam of the Samsung smartphone, marked "Made in China", revealed it contained an SD card. The card appeared to be used as additional storage for the phone, with folders for various applications. One of the folders was for the aforementioned Smartphone Application #2. Smartphone Application #2 is a chat and messaging application capable of sending image and video files. The folder path was consistent with a folder that was being used to store images and videos sent and received via Smartphone Application #2. There was an image of TRADER, dated 5 October 2016, seated on a couch with his pants pulled down, exposing his erect penis. ████████ four year old ████████ is hugging TRADER and looking at the camera as TRADER took a "selfie" style photograph ████████████, inches away from his erect penis. The folder also contained several videos, dated 9 September 2016, of TRADER digitally penetrating the vagina of a preteen girl ████████████████████████████

16. A preliminary exam of the Western Digital hard drive revealed it contained multiple folders with over a thousand images and videos of suspected child pornography. One of the folders was titled, "pics of me with kids." The folder contained numerous images of TRADER engaged in sexual explicit conduct with ████ four year old ███████ including the victim performing oral sex on TRADER. The images appear to date from the September 2015 timeframe, when the victim was two years old.

Further, your affiant sayeth naught.

Brian Ray
Special Agent
Homeland Security
Investigations

Sworn and subscribed to before me this /ˢᵀ day of June 2017.

William Matthewman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>17-60-WM</u>

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR A CRIMINAL COMPLAINT
_____/

## CRIMINAL COVER SHEET

1.   Did this matter originate from a matter pending in the Northern Region of the United
     States Attorney's Office prior to October 14, 2003?   _____ Yes   __X__ No

2.   Did this matter originate from a matter pending in the Central Region of the United States
     Attorney's Office prior to September 1, 2007?   _____ Yes   __X__ No

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By:   _____/s/_____
      Marton Gyires
      A5501696
      Assistant U.S. Attorney
      Marton.Gyires@usdoj.gov
      Fort Pierce, Florida
      TEL: (772) 293-0952