# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 2:17-cr-14047-DMM

**UNITED STATES OF AMERICA**

**vs.**

**SCOTT JOSEPH TRADER,**

      **Defendant.**

_____/

## UNITED STATES OF AMERICA'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order.    This response complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.    1.    Any written or recorded statements made by the defendant are attached.

        2.    That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

        3.    No defendant testified before the Grand Jury.

        4.    The NCIC record of the defendant is attached.

        5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time. Please call the undersigned to set up a date and time that is convenient to both parties.

            The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.    **In fact, much of the discovery in this case is contraband that cannot be sent out and must be viewed in the presence of law enforcement at a discovery conference.    Please contact the undersigned to set up a time and place to view these materials.**

        6.    No controlled substances were seized in connection to this case.

B.        DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of

the Standing Discovery Order.   This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.        The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.        The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.        The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.        No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.        The government has advised its agents and officers involved in this case to preserve all rough notes.

H.        The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to Federal Rule of Evidence 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under Rule 404(b) or otherwise (including the inextricably-intertwined doctrine.   **Specifically, evidence that the government will seek to use at trial includes all of the photos/videos/images/chats/data and all electronic evidence found on the smart phones/computers/SD cards/and other electronic devices that were seized in this case.**

I.        The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.        The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.        No controlled substances were seized in this case.

L.        If you wish to inspect any physical evidence used in the commission of the offense charged, please contact the undersigned.

M.        The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendants.

N.        To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. Given the

nature of this case, the government may need to have a computer forensic expert testify regarding electronic evidence that was seized in this case. That witness will likely be Martin County Detective Brian Broughton or HSI Special Agent Brian Ray, but may be another witness.

O.        The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.        At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Federal Rule of Criminal Procedure 16(c), Brady, Giglio, Napue, and the obligation to assure a fair trial.

Some of the attachments to this response were mailed to defense counsel of record, AFPD Fletcher Peacock, on June 28, 2017; other materials are available for viewing in the presence of law enforcement, as explained above.    The mailed attachments consist of one (1) DVD disc. The disc is password protected.    The password will be provided via email to counsel of record.

Respectfully submitted,
BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By:    /s/ Marton Gyires_____
MARTON GYIRES
ASSISTANT UNITED STATES ATTORNEY
A#5501696
Email: marton.gyires@usdoj.gov
United States Attorney's Office
101 South U.S. Hwy. 1, Ste. 3100
Fort Pierce, Florida 34950
Telephone: 772-293-0952
Facsimile: 772-466-1020

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the

Court using CM/ECF and mailed the above-referenced attachments to the attorney of record on June

28, 2017.


                          /s/ Marton Gyires
                          MARTON GYIRES
                          Assistant United States Attorney