# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED BY _____ D.C.

MAY 3 1 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No.  17-61-WM
)
1189 SW Edinburgh Drive, Port St. Lucie, Florida, )
34953, as more fully described in Attachment A )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ___Southern___ District of ___Florida___, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 6/1/2017

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18 United States Code, Section 2252(a)(2) | Certain Activities Relating to Material Involving the Sexual Exploitation of Minors |

The application is based on these facts:

See attached affidavit of HSI Special Agent Brian Ray

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

S/A Lori Cercy, Homeland Security Investigations
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 31, 2017

*Judge's signature*

City and state: _____, Florida

William Matthewman, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT
# OF
# SPECIAL AGENT
# Lori Cercy

## Homeland Security Investigations

Your affiant, Lori Cercy, first being duly sworn, does hereby depose and state as follows:

### INTRODUCTION AND BACKGROUND

1. I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations (HSI), and have been so employed for the past 19 years. Among my responsibilities as a Special Agent are investigating crimes against children, particularly offenses involving child pornography and the exploitation of children. I have attended and received specialized training in this area of law enforcement, and have both personally investigated, as well as assisted, in investigations involving the exploitation of children. I have observed and reviewed hundreds of images and videos of child pornography in all forms of media, including computer media, and have discussed and reviewed these materials with other law enforcement officers. I have also spoken with many individuals who have sexually abused children or unlawfully possessed, distributed, or produced child pornography. From those conversations, I am aware of common methods individuals use to sexually exploit children.

2. I am responsible for enforcing Federal Criminal Statutes relating to Homeland Security Investigations, including the sexual exploitation of children, Title 18, United States Code, Sections 2251-57, along with any/all violations under Title 18.

1

3. This Affidavit is made in support of an application for a search and seizure warrant, to search and seize data and evidence from the residence of Scott TRADER, 1189 SW Edinburgh Drive, Port Saint Lucie, Florida, 34953.

4. I am familiar with the facts and circumstances surrounding this investigation as set forth herein, from information obtained from Special Agent Brian Ray, HSI Ft. Pierce, and other law enforcement officers with personal knowledge of the evidence and activities described herein.

## FORENSIC ANALYSIS OF COMPUTERS

5. I consulted with Special Agent Brian Ray, an HSI Computer Forensic Examiner since 2010. Based on Special Agent Ray's knowledge, training and experience, and that of the Digital Forensics Unit at the HSI Cyber Crimes Center (C3), I know the following;

> (a) Computer files or remnants of such files can be recovered months or even years after they have been accessed by a computer or other electronic device. Files downloaded to a hard drive or flash memory can be stored for years at little or no cost. Even when such files have been deleted, they can be recovered months or years later, using computer forensic software. Typically, when a person "deletes" a file, the data contained in the file is not actually destroyed; rather, that data remains on the hard drive (or media) until it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside in unallocated space or slack space – that is, in space on the hard drive (or media) that is not allocated to an active file or that is unused after a file has been allocated to a

2

set block of storage space - for long periods of time before they are overwritten.

(b) Wholly apart from user-generated files, computers and electronic devices usually contain evidence of how and when a computer or device has been used, what it has been used for, user information and peripherally connected devices. This evidence can take the form of operating system configurations, artifacts from application operation or operating systems, file system data structures, virtual memory "swap" or paging files and cache files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

(c) Similarly, files that have been viewed via the Internet are usually downloaded into a temporary Internet directory or cache. The browser typically maintains a fixed amount of hard drive space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed Internet pages.

Thus, the ability to retrieve residue of an electronic file from a hard drive or other electronic device, depends less on when the file was created, downloaded or viewed than on a particular user's operating system, storage capacity, and habits.

6. Based Special Agent Ray's knowledge, training and experience, and that of the Digital Forensics Unit at the HSI Cyber Crimes Center (C3), I know that searching, locating and seizing evidence from computers requires agents to seize all of the computer's electronic data to be searched in a laboratory or other controlled environment. This is true because of the following;

3

(a) Volume of evidence: Computer storage devices (like hard drives, diskettes, tapes, flash memory and optical discs) can store the equivalent of millions of pages of information. Additionally, a suspect may try to conceal criminal evidence; he or she might store it in random order with deceptive file names on the computer or on removable media. This requires searching authorities to examine all the stored data to determine which particular files are evidence or instrumentalities of crime.

(b) Technical requirements: Searching computer systems for criminal evidence is a highly technical process requiring a properly controlled environment. Data search protocols are exacting scientific procedures designed to protect the integrity of the evidence and to recover even hidden, erased, compressed, password-protected, or encrypted files. Because computer evidence is vulnerable to inadvertent or intentional modification or destruction (both from external sources and from destructive code imbedded in the system as a "booby trap"), a controlled environment is necessary to complete an accurate analysis.

7. In light of these concerns, your affiant hereby requests the Court's permission to seize all computer hardware (and associated peripherals/media/software/documentation/passwords) that is capable of containing or being used to access/produce some or all of the evidence described in the warrant, and to conduct an off-site search of the hardware/media, at a later date, in a controlled environment, for the evidence described.

4

## SMARTPHONES

8. Based Special Agent Ray's knowledge, training and experience I know that smartphones are cellular telephones that perform many of the functions of a computer, typically having a touchscreen interface, Internet access, and an operating system capable of running downloaded third party applications. Smartphone capabilities include, but are not limited to, connecting to the Internet via WiFi or using cellular data, storing names and phone numbers in electronic address books and call logs; sending, receiving, and storing text messages and email; taking, sending, receiving, and storing still photographs and video; creating, storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Smartphones may also include global positioning system ("GPS") technology for determining the location of the device. Based on my training and experience, I know that electronic data, sometimes including previously deleted data, can usually be recovered from smartphones using mobile and cellular device data extraction tools.

## CHILD PORNOGRAPHY DISTRIBUTOR/COLLECTOR CHARACTERISTICS

9. Based upon Special Agent Ray's knowledge, training and experience, I have learned that child pornography distributors/collectors often collect sexually explicit or suggestive materials (hard-core and soft-core pornography) in a variety of media, such as explicit written accounts of the sexual exploitation of children, photographs, magazines, motion pictures, video tapes, books, and/or drawings or other visual media that they use for their sexual arousal and gratification.

Child pornography distributors/collectors almost always possess and maintain their material (pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, child erotica, etc.) in the privacy and security of their homes, in their vehicles, on their person, and/or in some other secure location to which they can restrict access.

## APPLICABLE LAW

For purposes of reference herein, your Affiant is aware that:

10. Title 18, United States Code, Section 2252 (a)(2) prohibits knowingly receiving, or distributing, any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproducing any visual depiction for distribution in interstate or foreign commerce or through the mails, if -
   (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
   (B) such visual depiction is of such conduct

11. Title 18, United States Code, Section 2256(1) defines "minor" as "any person under the age of 18 years." Title 18, United States Code, Section 2256(2)(A) defines "sexually explicit conduct" as actual or simulated:
   (i) sexual intercourse, including genital-

6

    genital, oral-genital, anal-genital, or oral-
    anal, whether between persons of the same or
    opposite sex,
 (ii) bestiality,
 (iii) masturbation,
 (iv) sadistic or masochistic abuse; or,
 (v) lascivious exhibition of the genitals or
    pubic area of any person.

Title 18, United States Code, Section 2256(5) defines "visual depiction" as including undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

## THE INVESTIGATION

12. On 30 May 2017, the Thomasville Police Department, North Carolina, received a complaint from the stepfather of a 9 year old victim. The complainant reported his discovery of explicit chat communications between the victim and her chat partner "Scott" on Smartphone Application #1. The complainant provided the victim's mobile device to police for examination. The Thomasville Police Department requested the assistance of HSI Winston-Salem in furthering the investigation.

13. HSI Winston-Salem's examination of the victim's device revealed text communications with Scott on the evening of 30 May 2017, using Smartphone Application #1. The victim provided Scott pictures which clearly indicated she was a preteen female. Scott requested nude images from the victim and transmitted a child pornography video to the victim. The video was a 37 second long depiction of an adult male rubbing his penis on the vagina of a

preteen female. Scott claimed the female depicted in the video was his daughter. Scott also sent a masturbation video to the victim, along with a still image which depicted Scott's face.

14. Scott had a profile on Smartphone Application #1. The profile had a picture of his face, along with an apparent minor female. The face depicted in the still image transmitted to the victim matched the Scott profile image. Scott also listed his username for Smartphone Application #2.

15. Smartphone Application #1 is headquartered outside of the United States and it is unknown if they will respond to United States process. Smartphone Application #2 was sent an emergency disclosure request for the subscriber information associated with the user name provided in the Smartphone Application #1 "Scott" user profile. Smartphone Application #2 responded, indicating the email account associated with the account was strader0227@yahoo.com. Smartphone Application #2 also provided a login history, indicating there were logons to the account from IP address 76.110.46.234 starting 1 May 2017, through 31 May 2017, at 06:36 UTC. The IP address is registered to Comcast. The Smartphone Application #2 profile picture matched the aforementioned "Scott" profile and still image pictures.

16. Comcast was sent an emergency disclosure request for the subscriber information associated with IP address 76.110.46.234 on 31 May 2017 at 06:36 UTC. Comcast responded, identifying the subscriber as Shelly Trader, 1189 SW Edinburgh Drive, Port St. Lucie, Florida, 34953.

17. On 31 May 2017, Special Agent Ray conducted a property records search for 1189 SW Edinburgh Drive, Port St. Lucie,

Florida, on the St. Lucie County Property Appraiser's website. According to the website, 1189 SW Edinburgh Drive, Port St. Lucie, Florida was purchased by Leon Bonanno and Shelly Trader-Bonanno on 16 June 2016.

18. Special Agent Ray conducted a check of the Florida Department of Highway Safety and Motor Vehicle (DHSMV) records which indicated that on 1 August 2016, Scott TRADER, born ■ June 19■, listed his mailing address as 1189 SW Edinburgh Drive, Port St. Lucie, Florida, 34953. TRADER's Driver License photograph matches the aforementioned "Scott" user profile and transmitted images. TRADER did not update his residential address, 4286 SW Carl Street, Port St. Lucie, Florida, which was also Shelly Trader-Bonanno's, address until the purchase of the 1189 SW Edinburgh Drive property. According to DHSMV records, Shelly Trader-Bonanno was born ■ July 19■, which is consistent with her being Scott TRADER's mother.

19. Special Agent Ray conducted a criminal history record check which revealed that in 2012, Scott TRADER was arrested by the Port St. Lucie Police Department for Promoting a Sexual Performance by a Child, Lewd Behavior, and Possession of Child Pornography. Those charges were dropped/abandoned, and TRADER was convicted for Felony Child Neglect. In December 2016, TRADER was arrested for Lewd Behavior - Molesting a Victim less than 12 years of age.

20. On 31 May 2017, surveillance of 1189 SW Edinburgh Drive, Port St. Lucie, Florida, was established by HSI Ft. Pierce Agents. A female child, approximately two years of age, was seen entering the residence.

21. Based on the foregoing facts, I believe there is probable cause that evidence of violations of Title 18, United States Code, Section 2252 (Certain activities relating to material involving the sexual exploitation of minors) is present, and shall be found on and shall be found on the computers, media and smartphones used or accessed at 1189 SW Edinburgh Drive, Port St. Lucie, Florida, 34953.

22. Based on the foregoing facts, I respectively submit that good cause has been established to execute this warrant at any time in the day or night.

FURTHER YOUR AFFIANTS SAYTH NAUGHT.

Lori Certy
Special Agent
Homeland Security
Investigations

Subscribed and sworn to before me this 31ST day of May, 2017 at Highland Beach, Florida.

William Matthewman
UNITED STATES MAGISTRATE JUDGE

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By
Deputy Clerk
Date 6/1/2017

10

## ATTACHMENT A
## LOCATION TO BE SEARCHED

1189 SW Edinburgh Drive, Port Saint Lucie, Florida, 34953, including persons therein, the residence, associated vehicles/vessels and curtilage thereof. The dwelling is a cream color single family residence with the number 1189 affixed to the structure on the left side of the garage. The property is located on the east side of SW Edinburgh Drive, south of SW Becker Road.



**ATTACHMENT B**

**ITEMS AND DATA TO BE SEIZED AND LATER SEARCHED IN A CONTROLLED ENVIROMENT**

a. Computer systems and hardware including any and all electronic devices capable of creating, converting, displaying, transmitting and/or analyzing magnetic or electronic impulses or data. These devices include video players, digital video recorders, digital cameras, cellular phones, computers and computer peripherals such as, modems, drives, monitors, printers and other electronic devices.

b. Computer software and passwords including any and all programs and/or instructions capable of interpretation by a computer and related devices which are stored in the form of magnetic or electronic media. These items include but are not limited to application software, operating systems, and other programming utilized to communicate with computer components.

c. Data stored in the form of electronic or magnetic coding on computer media and/or on media capable of being read by or displayed on a computer and/or computer related equipment or video devices. These media/data include but are not limited to fixed hard drives, removable hard drives, network attached storage devices, data from Internet based storage, flash memory, floppy diskettes, optical storage disks, digital tape, video tape and any other media capable of storing magnetic coding.

d. Visual depictions of suspected minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, in whatever form, including but not limited to undeveloped film, videotape, printed images, and data stored on computer disk/drive or by electronic means which is capable of conversion into a visual image.

e. User and system generated files, including references in unallocated disc space, bearing on the ownership and use of the computer/media, including but not limited to banking records, website use, documents, image files and video files.

f. Any and all books, ledgers, records and visual depictions bearing on the production, reproduction, receipt, possession, ownership, shipment, orders, requests, trades, purchases, or transactions of any kind involving or affecting interstate commerce, including by United States Mails or by computer, of any visual depiction of minors engaged in sexually explicit conduct.

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED BY _____ D.C.

JUN 0 1 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 17-61-WM
1189 SW Edinburgh Drive, Port St. Lucie, Florida, )
34953, as more fully described in Attachment A )
)

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ___Southern___ District of ___Florida___
*(identify the person or describe the property to be searched and give its location):*

-See Attachment A-

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

-See Attachment B-

**YOU ARE COMMANDED** to execute this warrant on or before ___June 10, 2017___ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___William Matthewman___.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: ___May 31, 2017___
                      ___11:51 p.m.___                      ___William Matthewman___
                                                            *Judge's signature*

City and state: _____, Florida         William Matthewman, U.S. Magistrate Judge
                                                            *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 17-61-WM | 6.1.17 @ 01:10 | Shelly Trader |

Inventory made in the presence of: Shelly Trader

Inventory of the property taken and name of any person(s) seized:

See attached property log of seized property. Person seized: Scott Trader

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 6/1/2017

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 6.1.17

_____
Executing officer's signature

Brian Ray, Special Agent, HSI
Printed name and title

Returned before me this 1ST day of June, 2017.
William Matthewman, U.S. Magistrate Judge

## ATTACHMENT A
## LOCATION TO BE SEARCHED

1189 SW Edinburgh Drive, Port Saint Lucie, Florida, 34953, including persons therein, the residence, associated vehicles/vessels and curtilage thereof. The dwelling is a cream color single family residence with the number 1189 affixed to the structure on the left side of the garage. The property is located on the east side of SW Edinburgh Drive, south of SW Becker Road.



## ATTACHMENT B

### ITEMS AND DATA TO BE SEIZED AND LATER SEARCHED IN A CONTROLLED ENVIROMENT

a. Computer systems and hardware including any and all electronic devices capable of creating, converting, displaying, transmitting and/or analyzing magnetic or electronic impulses or data. These devices include video players, digital video recorders, digital cameras, cellular phones, computers and computer peripherals such as, modems, drives, monitors, printers and other electronic devices.

b. Computer software and passwords including any and all programs and/or instructions capable of interpretation by a computer and related devices which are stored in the form of magnetic or electronic media. These items include but are not limited to application software, operating systems, and other programming utilized to communicate with computer components.

c. Data stored in the form of electronic or magnetic coding on computer media and/or on media capable of being read by or displayed on a computer and/or computer related equipment or video devices. These media/data include but are not limited to fixed hard drives, removable hard drives, network attached storage devices, data from Internet based storage, flash memory, floppy diskettes, optical storage disks, digital tape, video tape and any other media capable of storing magnetic coding.

d. Visual depictions of suspected minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, in whatever form, including but not limited to undeveloped film, videotape, printed images, and data stored on computer disk/drive or by electronic means which is capable of conversion into a visual image.

e. User and system generated files, including references in unallocated disc space, bearing on the ownership and use of the computer/media, including but not limited to banking records, website use, documents, image files and video files.

f. Any and all books, ledgers, records and visual depictions bearing on the production, reproduction, receipt, possession, ownership, shipment, orders, requests, trades, purchases, or transactions of any kind involving or affecting interstate commerce, including by United States Mails or by computer, of any visual depiction of minors engaged in sexually explicit conduct.