UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:17-cr-14047-MIDDLEBROOKS

UNITED STATES OF AMERICA

vs.

SCOTT JOSEPH TRADER,

Defendant.
_____/

FILED BY **CGA** Deputy Clerk

**Sep 29, 2017**

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Fort Pierce

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and SCOTT JOSEPH TRADER (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to all five counts of the Indictment, which charge him with: Enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Count One); Distribution of material containing visual depictions of sexual exploitation of minors, in violation of 18 U.S.C. §§ 2252(a)(2) & (b)(1) (Count Two); Possession of matter containing visual depictions of sexual exploitation of minors, in violation of 18 U.S.C. §§ 2252(a)(4)(B) & (b)(2) (Count Three); and Production of material containing visual depictions of sexual exploitation of minors, in violation of Title 18 U.S.C §§ 2251(a) & (e) (Counts Four and Five).

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter

1

"Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. As to Count One, the Court may impose a term of imprisonment of up to life, and must impose a term of imprisonment of at least ten (10) years, followed by a term of supervised release of at least five (5) years and up to life. In in addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00.

As to Count Two, the Court may impose a term of imprisonment of up to twenty (20) years, and must impose a term of imprisonment of at least five (5) years, followed by a

2

term of supervised release of at least five (5) years and up to life. In in addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00.

As to Count Three, the Court may impose a term of imprisonment of up to twenty (20) years, followed by a term of supervised release of at least five (5) years and up to life. In in addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00.

As to Counts Four & Five each, the Court may impose a term of imprisonment of up to thirty (30) years and must impose a term of imprisonment of at least fifteen (15) years, followed by a term of supervised release of at least five (5) years and up to life. In in addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00.

4.      The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant as to each count (so $500 total). The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5.      This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the

defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. However, the Office will not be required to make these sentencing recommendations if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the Office prior to entering this Agreement; or (3) commits any misconduct after entering into this Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The United States and the defendant agree that pursuant to Fed. R. Crim. P. 11(a)(2), the defendant reserves his right to appeal the District Court's Order (Docket Entry

15), denying defendant's Motion to Suppress (Docket Entry 13). This reservation of appellate rights is limited to the Fourth Amendment issues that the defendant raised, that is: (a) whether the government's obtaining of subscriber information (namely, an IP address and email address) from a social media company is a search under the Fourth Amendment, and (b) whether the search warrant in this case was supported by probable cause. The United States and the defendant agree that, should the defendant prevail on appeal, he shall be allowed to withdraw/vacate his plea of guilty to the Indictment. The defendant also knowingly and voluntarily waives any claims or defenses that he may have to the post-appeal reinstatement of the Indictment, whether those claims or defenses arise pursuant to a statute of limitations, the Speedy Trial Act, or the Sixth Amendment's speedy trial provision.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. The defendant also understands and acknowledges that pursuant to the Mandatory Restitution for Sex Crimes section of the Violence Against Women Act of 1994 (VAWA), codified in Title 18, United States Code, Section 2259, the Court must order

5

restitution be paid to "victims," in an amount that will be determined at sentencing or in a separate restitution hearing. Defendant agrees that the offenses set forth in the Indictment are crimes involving the sexual exploitation of minors, which relate to and gave rise to this plea agreement. The defendant agrees to pay any restitution that may be ordered by this Court.

10. Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Section 2253, including the following:

- a) One (1) Samsung SM-G920T smartphone;
- b) One (1) LG G6 smartphone;
- c) One (1) 16GB San Disk SD card;
- d) One (1) WD My Passport Ultra external hard drive;
- e) One (1) Samsung SGH-T999 smartphone;
- f) Nine (9) media storage cards (consisting of two SD cards, four micro SD cards, and three SIM cards); and
- g) One (1) Toshiba C655D-S5202 Laptop Computer

11. The defendant agrees that the above listed property represents a visual depiction, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of the law, or property used or intended to be used to commit or to promote the commission of the offense to which the defendant is pleading guilty.

12. Defendant further agrees to fully cooperate and assist the Government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, the surrender of documents of title, execution of any documents necessary to transfer his interest in any of the above property to the United States, execution of a consent to forfeiture or other documents as may be needed to fully accomplish the forfeiture and vest title in the United States. Defendant further knowingly

6

and voluntarily waives the following rights as to property subject to forfeiture: (1) all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding; (2) any judicial or administrative notice of forfeiture and related deadlines; (3) any jeopardy defense or claim of double jeopardy, whether constitutional or statutory; (4) any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the property by the United States; and (5) any right to appeal any order of forfeiture entered by the Court pursuant to this plea agreement. Defendant further understands that the forfeiture of the property shall not be treated as satisfaction or offset against any fine, restitution, cost of imprisonment, or any other penalty this court may impose on the defendant.

13. Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Florida following release from prison, defendant will be subject to the registration requirements of Florida State Statute

sections 775.21, 943.0435, and any related statutes governing Florida registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

14. As a condition of supervised release, defendant shall initially register with the state sex offender registration in Florida, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

15. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

Date: 9/29/17    By: _____
                     MARTON GYIRES
                     ASSISTANT UNITED STATES ATTORNEY

Date: 9/28/17    _____
                 FLETCHER PEACOCK
                 ATTORNEY FOR DEFENDANT

Date: 9/26/17    _____
                 SCOTT JOSEPH TRADER
                 DEFENDANT