UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:17-cr-14047-MIDDLEBROOKS

UNITED STATES OF AMERICA

vs.

SCOTT JOSEPH TRADER,

Defendant.
_____/

FILED BY CGA
Deputy Clerk
Sep 29, 2017
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Fort Pierce

## STIPULATION OF FACTS AND ACKNOWLEDGMENT OF OFFENSE ELEMENTS IN SUPPORT OF GUILTY PLEA

The United States of America, by and through its undersigned Assistant United States Attorney, and SCOTT JOSEPH TRADER (hereinafter referred to as the "Defendant" or "TRADER"), together with his counsel, admit that the government can prove the allegations contained in all five counts of the Indictment, which charge him with: Enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Count One); Distribution of material containing visual depictions of sexual exploitation of minors, in violation of 18 U.S.C. §§ 2252(a)(2) & (b)(1) (Count Two); Possession of matter containing visual depictions of sexual exploitation of minors, in violation of 18 U.S.C. §§ 2252(a)(4)(B) & (b)(2) (Count Three); and Production of material containing visual depictions of sexual exploitation of minors, in violation of Title 18 U.S.C §§ 2251(a) & (e) (Counts Four and Five). The Defendant also stipulates that those allegations and the following recitation of the facts shall constitute the underlying factual basis. These facts are offered for the limited purpose of the guilty plea and consequently do not contain all of the facts known to the government in this case:

On or about May 30 2017, the Thomasville, North Carolina Police Department received a complaint from the parent/guardian of a nine-year-old female victim ("Victim #1" in Count One of the Indictment). The parent/guardian reported his discovery of sexually explicit chat communications between the victim and her chat partner named "Scott" (later identified as Scott Joseph TRADER who was in Florida) on a smartphone application called "SayHi." The parent/guardian provided the victim's mobile device to police for examination. The Thomasville Police Department requested the assistance of HSI Winston-Salem in furthering the investigation.

HSI Winston-Salem's examination of the victim's device revealed SayHi sexually explicit communications with TRADER during the month of May, including on the evening of May 30, 2017 and into the morning hours of May 31. HSI saw chats from TRADER to the victim that included, among other things, numerous requests from him for the victim to send him nude images. At first, the victim provided TRADER several pictures of her fully clothed, which clearly indicated she was a preteen female. TRADER also asked the victim, among other things, how old she was and she told him she was nine, to which he replied "Aw, you're very pretty for your age, You look sexy in those pajamas." In response to TRADER's requests, the victim eventually sent at least one photo of her vagina and one photo of her pulling her shirt up, exposing her nipples. (**COUNT 1** - Enticement of a minor to engage in sexual activity). TRADER also sent that same victim a child pornography video using SayHi. (**COUNT 2** - Distribution of material containing visual depictions of sexual exploitation of minors). This video was 37 seconds long and showed an adult male rubbing his penis on the vagina of a prepubescent female. TRADER told the victim that the female depicted in the video was his daughter (although it appears that victim in that video is not his daughter nor is it TRADER). TRADER also sent a video of himself masturbating to the victim, along with a still image which depicted TRADER's face in his bedroom, along with numerous other photos.

After seeing the victim's phone, HSI began trying to identify TRADER. The victim's phone showed that TRADER had a profile on SayHi that had a picture of his face, along with an apparent minor female. The face depicted in the aforementioned still image sent to the victim matched the profile image for "Scott." "Scott's" profile also listed his username for another smartphone app, called "Kik." The Kik profile picture also matched the aforementioned "Scott" SayHi profile and still image pictures. Kik responded to an emergency disclosure request for the subscriber information associated with the user name, indicating the email account associated with the account was strader0227@yahoo.com. Kik also provided a login history, indicating there were logons to the account from IP address 76.110.46.234 starting May 1, 2017, through May 31, 2017, at 06:36 UTC. The IP address was registered to Comcast; Comcast responded, identifying the subscriber's name and home address in Port St. Lucie, Florida (the "target

residence"). A check of the Florida Department of Highway Safety and Motor Vehicle (DHSMV) records indicated that TRADER listed his mailing address as the target residence. TRADER's Driver License photograph matched the aforementioned "Scott" user profile and transmitted images (although the address on the license was different). A criminal history record check revealed that in 2012, TRADER was arrested by the Port St. Lucie Police Department for Promoting a Sexual Performance by a Child, Lewd Behavior, and Possession of Child Pornography. Those charges were dropped/abandoned, and TRADER pleaded no contest and had an adjudication withhold of only Felony Child Neglect. Records checks also showed that in December 2016, TRADER was arrested for Lewd Behavior – Molesting a Victim less than 12 years of age.

HSI Fort Pierce established surveillance of the target residence. A female child, approximately two years of age, was seen entering the residence. Around 11:51 p.m., federal magistrate Judge William Matthewman signed a search warrant authorizing the search of the target residence to include computers, smartphones, and other electronic storage devices. The warrant was executed around 1:10 a.m. on June 1.

TRADER was located in the residence. Inside the house, numerous electronic storage devices were found that contained child pornography, including a Samsung SM-G920T smartphone, an LG G6 smartphone, a 16GB San Disk SD card, a WD My Passport Ultra external hard drive, a Samsung SGH-T999 smartphone; nine media storage cards (consisting of two SD cards, four micro SD cards, and three SIM cards); and a Toshiba C655D-S5202 Laptop Computer (**COUNT 3** - Possession of matter containing visual depictions of sexual exploitation of minors). All of these devices were manufactured outside the State of Florida and therefore previously traveled in interstate or foreign commerce. Many of the devices were found on or near the floor under a DVD storage cabinet in TRADER's bedroom, concealed behind a board. Some of the child pornography found on these devices was produced by TRADER and some had been downloaded from the internet by TRADER or sent by another person over the internet to TRADER.

One of the SD cards revealed TRADER's sexual abuse of minor females, including "Victim # 2" in Count Four of the Indictment and "Victim #3 in Count Five of the Indictment, which sexual abuse occurred during the time frames alleged in Counts Four and Five of the Indictment and which abuse was recorded by—or transferred onto—electronic devices that previously traveled in interstate or foreign commerce. (**COUNTS 4 & 5** - Production of material containing visual depictions of sexual exploitation of minors). The SD card also revealed more of TRADER's online child pornography activity, and his collection of online child pornography. The SD card appeared to be used as additional storage for the phone, with folders for various applications. One of the folders was for the Kik app. In that folder

was an image dated October 5, 2016, which showed TRADER seated on a couch with his pants pulled down, exposing his erect penis, with "Victim #2 in the indictment hugging TRADER and looking at the camera as TRADER took a "selfie" style photograph of the victim inches away from his erect penis.

A preliminary exam of the Western Digital hard drive revealed it contained multiple folders with over a thousand images and videos of child pornography. One of the folders was titled, "pics of me with kids." The folder contained numerous images of TRADER engaged in sexual explicit conduct with "Victim #2, including the victim's mouth on TRADER's penis. The images date all the way from at least the September 2015 timeframe, when "Victim #2" was two years old.

Preliminary forensic analysis of SD cards and other seized electronic storage devices/media also revealed at least the following, within the time frames alleged in the indictment:

- Photos and videos of TRADER touching and digitally penetrating and manipulating the vagina of "Victim #3";
- Photos and videos of TRADER pulling back underwear on "Victim #3";
- Photos and videos of TRADER's erect penis in close proximity of "Victim #2";
- Videos of TRADER ejaculating next to "Victim #3's" head and digitally penetrating her vagina;
- Videos of TRADER telling "Victim #2," who was two years old at the time, to kiss his penis (and she does);
- thousands of photos and videos of child pornography downloaded from the internet, including the sexual abuse of infants and toddlers;
- Online chats between TRADER and other individuals involving the exchange of child pornography.

These facts do not constitute all of the facts known to the government in this case; the volume of child pornography contained on the devices seized in this case is large.

***I, Scott Joseph Trader, am aware of and understand the nature of the charges to which I am pleading guilty, because I have discussed the charges and what the prosecutor must prove to convict me with my attorney. I understand that the United States must prove the following facts (or "elements") of the offenses beyond a reasonable doubt:***

## Count 1: Enticement of a minor to engage in sexual activity - 18 U.S.C. § 2422(b)[1]

**First,** that the Defendant knowingly persuaded, induced, enticed, or coerced "Victim #1" in the Indictment to engage in sexual activity;

> The term "sexual activity for which any person can be charged with a criminal offense" includes the production of child pornography, as defined in section 2256(8), which says "(8) "child pornography" means . . . any visual depiction . . . where—the production of such visual depiction involves the use of a minor engaging in "sexually explicit conduct," a term defined in 18 USC 2256(2)(A)(v) to include "lascivious exhibition of the genitals or pubic area of any person, which, in turn involves a six-factor test.[2]

**Second,** that the Defendant used a facility of interstate commerce to do so,

> A telephone, a cellular telephone, a computer, and the internet are all each a facility of interstate commerce.

**Third,** when the Defendant did these acts, "Victim #1" in the indictment was less than 18 years old; and

**Fourth,** one or more of the individual(s) engaging in the sexual activity could have been charged with a criminal offense under the law of Florida. As a matter of law the following acts are crimes under Florida law.:

> *Florida Statute 827.071*   *Sexual performance by a child; penalties.—*
>
> (1)   As used in this section, the following definitions shall apply:

---

[1] 11th Cir. Pattern Instruction O92.2

[2] The six-factor "lascivious exhibition" test articulated in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986) and approved by *United States v. Smith*, 459 F.3d 1276, 1296 n.17 (11th Cir. 2006), and which explicitly appears in a separate 11th circuit pattern jury instruction is:
(1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
(2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
(3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
(4) whether the child is fully or partially clothed, or nude;
(5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and
(6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

(h) "Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; **actual lewd exhibition of the genitals;** actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed.

(3) A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he or she **produces, directs, or promotes any performance which includes sexual conduct by a child less than 18 years of age**. Whoever violates this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(5)(a) **It is unlawful for any person to knowingly possess, control, or intentionally view a photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation which, in whole or in part, he or she knows to include any sexual conduct by a child**. The possession, control, or intentional viewing of each such photograph, motion picture, exhibition, show, image, data, computer depiction, representation, or presentation is a separate offense. If such photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation includes sexual conduct by more than one child, then each such child in each such photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation that is knowingly possessed, controlled, or intentionally viewed is a separate offense. A person who violates this subsection commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

## Count 2: Distribution of material containing visual depictions of sexual exploitation of minors - 18 U.S.C. §§ 2252(a)(2) & (b)(1)[3]

**First,** the Defendant knowingly distributed a visual depiction;

**Second,** the depiction was shipped or transported in interstate or foreign commerce by any means, including computer or internet;

---

[3] 11th Cir. Pattern Instruction O83.2

**Third,** producing the visual depiction involved using a minor engaged in sexually explicit conduct;

**Fourth**, the depiction is of a minor engaged in sexually explicit conduct; and

**Fifth**, the Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

> The term "sexually explicit conduct" means actual or simulated:
> - sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;
> - bestiality;
> - masturbation;
> - sadistic or masochistic abuse; or
> - lascivious exhibition of the genitals or pubic area of any person (See above footnote for six-factor test).

### Count 3: Possession of matter containing visual depictions of sexual exploitation of minors, 18 U.S.C. §§ 2252(a)(4)(B) & (b)(2)[4]

**First,** the defendant knowingly possessed a visual depiction;

**Second,** the depiction was shipped or transported in Interstate or foreign commerce by any means, including by the Internet;

**Third,** producing the visual depiction involved using a minor engaged in sexually explicit conduct;

**Fourth,** the depiction is of a minor engaged in sexually explicit conduct; and

**Fifth,** Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

---

[4] 11th Cir. Pattern Instruction O83.4A

## Counts 4 & 5: Production of material containing visual depictions of sexual exploitation of minors, 18 U.S.C §§ 2251(a) & (e)[5]

**First,** an actual minor, that is, a real person who was less than 18 years old, was depicted;

**Second,** the Defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction;

**Third,** the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer;

> The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.
>
> Congress did not limit the "production" of child pornography as prohibited by § 2251(a) to the moment of recording, and "production" can encompass embodying the images or video in digital media, such as a hard drive or disk. *United States v. Pattee*, 820 F.3d 496, 511 (2d Cir. 2016); *United States v. Foley*, 740 F.3d 1079, 1081–86 (7th Cir. 2014); *United States v. Poulin*, 631 F.3d 17, 22 (1st Cir. 2011)

Date: 9/29/17

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By: _____
MARTON GYIRES
ASSISTANT UNITED STATES ATTORNEY

Date: 9/29/17

_____
FLETCHER PEACOCK
ATTORNEY FOR DEFENDANT

Date: 9/29/17

_____
SCOTT JOSEPH TRADER
DEFENDANT

---

[5] 11th Cir. Pattern Instruction O82