UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-14047-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

SCOTT JOSEPH TRADER,

     Defendant.

_____/

## MOTION FOR DOWNWARD VARIANCE

The defendant Scott Trader, through counsel, hereby requests that the Court vary downward from the sentencing guideline range upon the following grounds:

The parties agree that the sentencing guideline range in this case is "Life," based upon an offense level of 43 and a criminal history category of III.

Notwithstanding the computed sentencing guideline range, the Court must impose a sentence that is sufficient, but not greater than necessary, to comply with the sentencing purposes listed in 18 U.S.C. § 3553(a).  The purpose of §3553(a) is to 1) "reflect the seriousness of the offense," 2) "promote respect for the law," 3) provide just punishment," 4) "afford adequate deterrence," 5) protect the public from further crimes of the defendant," and 6) "provide the defendant with any needed training and treatment in the most effective manner."  "The task is a holistic endeavor that requires the district court to consider a variety of factors: (1) the nature and circumstances of the offense, (2) the defendant's history and characteristics, (3) the

kinds of sentences available, (4) the applicable sentencing guidelines range, (5) pertinent policy statements of the Sentencing Commission, (5) the need to provide restitution to any victims, and (6) the need to avoid unwarranted sentencing disparities." *United States v. Rosales-Bruno*, 789 F. 3d 1249, 1254 (11th Cir. 2015).

The sentencing guideline range is only one factor, among many, that the Court must consider. *United States v. Gall*, 552 U.S. 38, 49 (2007) ("[T]he sentencing guidelines should be the starting point and the initial benchmark."); *United States v. Rita*, 551 U.S. 338, 350 (2007) (sentencing guideline range reflects only a "rough approximation" of the objectives of § 3553(a)). Although the Court must consider all of the § 3553(a) factors, including the sentencing guidelines, it need not give equal weight to each. "Instead, the sentencing court 'is permitted to attach 'great weight' to one factor over others.'" *Rosales-Bruno*, 789 F.3d at 1254 (11th Cir. 2015) (quoting *Gall*, 552 U.S. 38, 57). There is no particular weight or appropriate deference assigned the sentencing guidelines. *United States v. Irey*, 612 F.3d 1160, 1217; *United States v. Hunt*, 459 F.3d 1180, 1184 (11th Cir. 2006). A sentencing court may vary from the guidelines based on its disagreement with the severity of a particular guideline range. *Kimbrough v. United States*, 552 U.S. 85 (2007). Finally, a district court has substantial discretion in weighing the §3553(a) factors to arrive at a reasonable sentence. *Rosales-Bruno*, 789 F.3d at 1254.

In the instant case, the defendant contends that the guideline range is excessive when compared to the guideline ranges of even more serious offenses. Additionally, the defendant's personal characteristics and relevant psychological

research indicate that a sentence less than "life" will satisfy 3553(a)'s concerns for public safety and deterrence.  Finally, Mr. Trader's early and complete acceptance of responsibility for his actions in this case supports a sentence less than "life."

Although the Court must consider all of the § 3553(a) factors, the defendant emphasizes those below.

### 1.    The Nature and Circumstances of the Offense

There is no doubt that the offense in this case is extremely serious.  However, it is certainly no more serious than many other offenses addressed by the guidelines.  And those equally, or more serious, offenses have significantly lower offense levels.

According to the probation officer's calculations, Mr. Trader accrued 51 offense level points.  His offense level was then reduced to 43, *after acceptance*, because 43 is the highest level permitted under the guidelines.

Numerous offenses of equal or greater seriousness have lower offense levels. First degree murder is such an offense.  Under U.S.S.G. § 2A1.1, the offense level for first degree murder, *before acceptance*, is 43.  With a three point reduction for acceptance it is level 40.  Given Mr. Trader's criminal history category of III, he would have a guideline range of 360 months to life if he had been convicted of first degree murder.  Second degree murder (§ 4A1.2) would carry a total offense level of 35 after acceptance, with a range of 210 – 262 months.  Attempted murder for pecuniary gain, causing permanent bodily injury, would result in an offense level of 38 after acceptance and a guideline range of 292 – 365 months.

Likewise, kidnapping (§4A4.1) with permanent bodily injury, use of a firearm, and sexual exploitation of the victim would result in an offense level of 41 after acceptance and a guideline range of 360 – life.  Hijacking (§4A5.1) resulting in death has an offense level of 40 after acceptance and a guideline range of 360 – life.

Perhaps most informative in this regard is the guideline for "Criminal Sexual Abuse" (§2A3.1).  A defendant convicted of criminal sexual abuse of a prepubescent minor in his care and custody, would have an offense level of 37 after acceptance and a guideline range of 262 – 327 months.  Even if the "pattern" enhancement from U.S.S.G. § 4B1.5(b) were applied, the offense level would be 42 after acceptance.

All of these offenses are equally serious, or more serious, than the production of child pornography or enticement of a minor offenses under the facts of this case. Consequently, the undersigned urges that a sentence lower than "life" is appropriate.

**2.     The Defendant's History and Characteristics**

Mr. Trader is a 32 year old married man with two children.  Prior to his arrest, he resided with his wife, children, mother, father, step-father and brother in a single family home in Port St. Lucie, Florida.  As indicated in the presentence report, the Traders are a close knit family.  Mr. Trader's step-father is totally blind and suffers from dementia.  Mr. Trader's brother, Keith, age 34, suffers from mid-level autism.  Mr. Trader has always assisted his mother in caring for his step-

father and brother.  The family had always planned that Mr. Trader would be his brother's caretaker once the parents were unable to do so.

Notwithstanding his actions in this case, Mr. Trader has always been involved in his children's lives.  He has always paid his child support.  He was regularly involved in their schooling.

Mr. Trader has a good work history.  From 2004 until 2012, he was employed by Walmart.  He rose from a stock clerk to a department manager.  From January 2016 until his arrest, Mr. Trader worked as a pool technician for Treasure Coast Pools.

As reflected in his psychological evaluation, Mr. Trader suffers from pedophilia and depression.  *See* 8/12/17 report of Dr. Michael Brannon, Psy.D. However, Dr. Brannon also concluded that Mr. Trader's risk of reoffending, while perhaps high at this time, will be below average at the age of 60.  "Individuals with the same score reoffend at a rate of 2.8% over a period of five years." *Id*.  Thus the Court can be reasonably confident that upon release from what is sure to be a lengthy sentence of imprisonment, Mr. Trader is very unlikely to reoffend.

Finally, Mr. Trader reports that he too was a victim of sexual molestation at the age of nine.  See PSI, at paragraph 70.

### 3.    The Kinds of Sentences Available

This Court has great discretion in determining an appropriate sentence for this serious offense. In its sentencing memorandum, the government has cited several district and circuit cases in which the sentencing court imposed extremely

severe sentences for similar offenses.  However, the undersigned can also cite cases of similar seriousness in this district in which the court imposed a much lower sentence than in those cited by the government.  For example, *United States v. James Byrne*, 09-14059-Cr-KMM (Defendant sexually molested and photographed a ten year old mentally impaired girl entrusted to his care over a period of several months. Sentence: 360 months.); *United States v. Scott Smith*, 09-60322-Cr-Dimitrouleas (Defendant sexually molested and filmed two young boys entrusted to his care.  Sentence: 360 months.); *United States v. Ronald Kovacs,* 12-60313-Cr-Dimitrouleas (Defendant produced multiple videos of him sexually molesting a six year old female resulting in 51 offense level points.  Sentence: 405 months.); and *United States v. Martin Van Duerzen*, 15-14075-Cr-RLR (Defendant videoed his sexual molestation of his mentally impaired nephew over a one year period. Sentence: 360 months.).

Once again, the Court has great discretion in the sentence it finds appropriate.  But many courts in this district have rejected the government's request of a "life" sentence under similar circumstances.

### 4.   Deterrence

The defendant respectfully suggests that any sentence in excess of 25 years is an adequate deterrent to Mr. Trader and the public at large.  Such a sentence would likely ensure that Mr. Trader is incarcerated for most of his adult life.  Such a sentence will send a clear message to anyone considering such an offense that they

will suffer a severe punishment if apprehended.  A sentence of longer than 30 years will do little or nothing to enhance the deterrent effect.

WHEREFORE the defendant requests that the Court impose a downward variance from the sentencing guideline range.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER


By:     *s/Fletcher Peacock*
        Fletcher Peacock
        Assistant Federal Public Defender
        Florida Bar No. 441996
        109 North Second Street
        Fort Pierce, Florida 34950
        Tel:  772-489-2123
        Fax: 772-489-3997
        E-Mail: Fletcher_Peacock@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on December 6, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


By:  *s/Fletcher Peacock*, AFPD
        Fletcher Peacock

7

## SERVICE LIST

**UNITED STATES v. SCOTT JOSEPH TRADER**
**Case No. 17-14047-CR-MIDDLEBROOKS**
**United States District Court, Southern District of Florida**


**Fletcher Peacock**
**Fletcher_Peacock@fd.org**
**Assistant Federal Public Defender**
109 North Second Street
Fort Pierce, FL 34950
Tel: 772-489-2123
Fax: 772-489-3997
Attorney for Trader
Notices of Electronic Filing


**Marton Gyires**
**marton.gyires@usdoj.gov**
**Assistant United States Attorney**
United States Attorney's Office
101 South U.S. Hwy 1, Suite 3100
Fort Pierce, Florida 34950
Tel:  772-293-0952
Fax: 772-595-3606
Notice of Electronic Filing