1              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF FLORIDA
2
                17-14047-CR-MIDDLEBROOKS/MAYNARD
3

4
UNITED STATES OF AMERICA,        )
5                                )
                 PLAINTIFF,      )
6                                )
        VS.                      )
7                                )
SCOTT JOSEPH TRADER,             )
8                                )
                 DEFENDANT.      )
9  _____)

10                  (TRANSCRIPT BY DIGITAL RECORDING)

11

12         TRANSCRIPT OF CHANGE OF PLEA HAD BEFORE THE HONORABLE

13  SHANIEK MAYNARD, IN FORT PIERCE, SAINT LUCIE COUNTY, FLORIDA,

14  ON SEPTEMBER 29, 2017, IN THE ABOVE-STYLED MATTER.

15

16
APPEARANCES:
17
FOR THE GOVERNMENT:  MARTON GYIRES, A.U.S.A.
18                   101 SOUTH HIGHWAY 1, SUITE 3100
                     FORT PIERCE, FL 34950 - 772 293-0952
19
FOR THE DEFENDANT:   FLETCHER PEACOCK, A.F.P.D.
20                   109 NORTH 2ND STREET
                     FORT PIERCE, FL 34950 - 772 489-2123
21

22

23              CARL SCHANZLEH, RPR - CM
                CERTIFIED COURT REPORTER
24                 9960 SW 4TH STREET
                PLANTATION, FLORIDA 33324
25                  954 424-6723

```
 1  (FORT PIERCE, SAINT LUCIE COUNTY, FLORIDA;  SEPTEMBER 29, 2017,
 2  IN OPEN COURT.)
 3          THE COURT:  THE NEXT CASE IS UNITED STATES OF AMERICA
 4  VERSUS SCOTT JOSEPH TRADER, CASE NUMBER
 5  17-14047-CRIMINAL-MIDDLEBROOKS.
 6          APPEARANCES, PLEASE.
 7          MR. GYIRES:  GOOD MORNING, YOUR HONOR.  MARTON GYIRES
 8  FOR THE UNITED STATES.
 9          THE COURT:  GOOD MORNING, SIR.
10          MR. PEACOCK:  GOOD MORNING AGAIN, JUDGE.  FLETCHER
11  PEACOCK ON BEHALF OF MR. TRADER WHO IS ALSO PRESENT.
12          YOUR HONOR, IF I MAY HAVE JUST A MINUTE WITH
13  MR. TRADER --
14          THE COURT:  SURE.
15          MR. PEACOCK:  -- TO CONFIRM SOME THINGS?
16          THE COURT:  YES.
17          MR. PEACOCK:  THANK YOU, YOUR HONOR.
18          WE'RE READY TO PROCEED.
19          THE COURT:  OKAY.  VERY GOOD.
20          MR. GYIRES:  MAY I HAVE JUST ONE SECOND, YOUR HONOR?
21          THE COURT:  SURE.
22          THE COURT:  GOOD MORNING, MR. TRADER.
23          THE DEFENDANT:  GOOD MORNING.
24          THE COURT:  YOUR ATTORNEY ADVISES ME THAT YOU ARE
25  PREPARED TO PLEAD GUILTY IN THIS MATTER.
```

1           AND SO THE PURPOSE OF THIS HEARING IS FOR ME TO ASK

2   YOU SOME QUESTIONS TO MAKE SURE YOU UNDERSTAND YOUR DECISION,

3   MAKE SURE YOU UNDERSTAND THE POSSIBLE CONSEQUENCES AND MAKE

4   SURE YOU UNDERSTAND THE RIGHTS YOU ARE GIVING UP.

5           DO YOU UNDERSTAND?

6           THE DEFENDANT:  YES, MA'AM.

7           THE COURT:   OKAY.  IF YOU COULD RAISE YOUR RIGHT HAND

8   THE COURTROOM DEPUTY WILL PLACE YOU UNDER OATH.

9           (DEFENDANT SWORN)

10           THE DEFENDANT:  YES, MA'AM.

11           THE CLERK:  PLEASE STATE YOUR NAME FOR THE RECORD.

12           THE DEFENDANT:  MY NAME IS SCOTT JOSEPH TRADER.

13           THE CLERK:  THANK YOU.

14           THE COURT:  MR. TRADER, DO YOU UNDERSTAND THAT YOU ARE

15   NOW UNDER OATH AND THAT IF YOU ANSWER ANY OF MY QUESTIONS

16   FALSELY YOUR ANSWERS CAN SUBJECT YOU TO FUTURE CHARGES FOR

17   PERJURY OR FALSE STATEMENT?

18           THE DEFENDANT:  I DO.

19           THE COURT:  DO YOU UNDERSTAND THAT I AM CONDUCTING

20   THIS CHANGE OF PLEA PURSUANT TO AN ORDER OF REFERENCE FROM A

21   DISTRICT JUDGE IN YOUR CASE AND I AM NOT THE JUDGE THAT WILL

22   SENTENCE YOU.

23           DO YOU UNDERSTAND THAT?

24           THE DEFENDANT:  YES, YOUR HONOR.

25           THE COURT:  DO YOU UNDERSTAND THAT I AM A UNITED

1  STATES MAGISTRATE JUDGE AND I CAN ONLY ACCEPT YOUR PLEA IF YOU

2  CONSENT TO ME DOING SO.

3          DO YOU UNDERSTAND THAT?

4          THE DEFENDANT:  YES, YOUR HONOR.

5          THE COURT:  DO YOU UNDERSTAND THAT IF YOU DO CONSENT

6  TO ME DOING SO YOU'RE WAIVING YOUR RIGHT TO HAVE THE DISTRICT

7  JUDGE ACCEPT YOUR PLEA.

8          THE DEFENDANT:  I DO, YOUR HONOR.

9          THE COURT:  SO DO YOU CONSENT TO MY TAKING YOUR CHANGE

10  OF PLEA IN THIS CASE?

11          THE DEFENDANT:  YES, YOUR HONOR.

12          THE COURT:  MR. PEACOCK?

13          MR. GYIRES:  YES, MA'AM.

14          THE COURT:  MR. GYIRES?

15          MR. GYIRES:  YES, YOUR HONOR.

16          THE COURT:  MR. TRADER, HOW OLD ARE YOU?

17          THE DEFENDANT:  I AM 32.

18          THE COURT:  AND HOW FAR DID YOU GO IN SCHOOL?

19          THE DEFENDANT:  I GOT MY GED.

20          THE COURT:  HAVE YOU BEEN TREATED RECENTLY FOR ANY

21  MENTAL ILLNESS OR ADDICTION TO NARCOTIC DRUGS?

22          THE DEFENDANT:  NO, MA'AM.

23          THE COURT:  ARE YOU CURRENTLY UNDER THE INFLUENCE OF

24  ANY DRUG, OR MEDICATION, OR ALCOHOLIC BEVERAGE?

25          THE DEFENDANT:  NO, MA'AM.

1          THE COURT:  HAVE YOU REVIEWED WITH YOUR ATTORNEY ALL

2  OF THE DOCUMENTS IN DISCOVERY IN THIS CASE?

3          THE DEFENDANT:  I DID, MA'AM.

4          THE COURT:  HAVE YOU RECEIVED A COPY OF THE INDICTMENT

5  PENDING AGAINST YOU AND HAVE YOU BEEN ABLE TO READ IT AND FULLY

6  DISCUSS THOSE CHARGES AND THE CASE WITH YOUR ATTORNEY?

7          THE DEFENDANT:  I DID AND I HAVE, MA'AM.

8          THE COURT:  ARE YOU FULLY SATISFIED WITH THE COUNSEL,

9  REPRESENTATION AND ADVICE GIVEN TO YOU BY YOUR ATTORNEY IN THIS

10 CASE?

11         THE DEFENDANT:  YES, YOUR HONOR.

12         THE COURT:  IS YOUR WILLINGNESS TO PLEAD GUILTY THE

13 RESULT OF DISCUSSIONS THAT YOU OR YOUR ATTORNEY HAVE HAD WITH

14 THE GOVERNMENT?

15         THE DEFENDANT:  YES, YOUR HONOR.

16         THE COURT:  AND THOSE DISCUSSIONS HAVE BEEN -- IS

17 THERE A PLEA AGREEMENT IN THE CASE?

18         MR. PEACOCK:  THERE IS, JUDGE.  I PASSED THAT UP.

19         THE COURT:  OH.  THANK YOU.

20         IS THIS PLEA AGREEMENT THE RESULT OF THOSE DISCUSSIONS

21 BETWEEN YOUR ATTORNEY AND THE GOVERNMENT?

22         THE DEFENDANT:  YES, YOUR HONOR.

23         THE COURT:  THE DOCUMENT IS EIGHT PAGES, AND ON THE

24 LAST PAGE I RECOGNIZE THE SIGNATURES OF MR. GYIRES AND

25 MR. PEACOCK AND THERE IS A SIGNATURE ON THE THIRD LINE RIGHT

1  ABOVE YOUR NAME.

2           IS THAT YOUR SIGNATURE, SIR?

3           THE DEFENDANT:  YES, MA'AM.

4           THE COURT:  HAVE YOU BEEN ABLE TO REVIEW THIS DOCUMENT

5  AND READ IT AND FULLY DISCUSS IT WITH YOUR ATTORNEY?

6           THE DEFENDANT:  I HAVE.

7           THE COURT:  HAVE YOU BEEN ABLE TO GET ANY QUESTIONS

8  THAT YOU HAVE ABOUT THE DOCUMENT ANSWERED?

9           THE DEFENDANT:  I HAVE.

10          THE COURT:  DID THIS PLEA AGREEMENT REPRESENT IN ITS

11  ENTIRETY YOUR UNDERSTANDING THAT YOU HAVE WITH THE GOVERNMENT?

12          THE DEFENDANT:  YES, MA'AM.

13          THE COURT:  I'M GOING TO GO OVER SOME OF THE

14  PROVISIONS TO MAKE SURE YOU UNDERSTAND THEM.  WE'RE NOT GOING

15  TO TALK ABOUT EVERYTHING BUT I DO HAVE SOME PARAGRAPHS I WANT

16  TO TALK TO YOU ABOUT.

17          IN PARAGRAPH ONE IT SAYS THAT YOU ARE AGREEING TO

18  PLEAD GUILTY TO ALL FIVE COUNTS OF THE INDICTMENT WHICH CHARGE

19  YOU WITH ENTICEMENT OF A MINOR TO ENGAGE IN SEXUAL ACTIVITY,

20  DISTRIBUTION OF MATERIAL WITH (INAUDIBLE) DEPICTIONS OF SEXUAL

21  EXPLOITATION OF MINORS, POSSESSION OF MATTER CONTAINING VISUAL

22  DEPICTION OF SEXUAL EXPLOITATION OF MINORS.

23          AND THEN THE LAST TWO COUNTS BOTH CHARGE PRODUCTION OF

24  MATERIAL CONTAINING VISUAL DEPICTION OF SEXUAL EXPLOITATION OF

25  MINORS.

1            DO YOU UNDERSTAND THAT THOSE ARE THE CHARGES THAT YOU

2   ARE PLEADING GUILTY TO?

3            THE DEFENDANT:  YES, MA'AM.

4            THE COURT:  PARAGRAPH THREE SETS FORTH THE POSSIBLE

5   MAXIMUM PENALTIES FOR EACH OF THOSE CHARGES.

6            AS TO COUNT 1 THE COURT MAY IMPOSE A TERM OF

7   IMPRISONMENT OF UP TO LIFE AND MUST IMPOSE A TERM OF

8   IMPRISONMENT OF AT LEAST 10 YEARS FOLLOWED BY SUPERVISED

9   RELEASE OF AT LEAST FIVE YEARS AND UP TO LIFE IN ADDITION TO A

10  FINE OF UP TO $250,000.

11           AS TO COUNT 2 THE COURT MAY IMPOSE A TERM OF

12  IMPRISONMENT OF UP TO 20 YEARS AND MUST IMPOSE A TERM OF

13  IMPRISONMENT OF AT LEAST FIVE YEARS FOLLOWED BY SUPERVISED

14  RELEASE OF AT LEASE FIVE YEARS AND UP TO LIFE AND MAY IMPOSE A

15  FINE OF UP TO $250,000.

16           AS TO COUNT 3 THE COURT MAY IMPOSE A TERM OF

17  IMPRISONMENT OF UP TO 20 YEARS FOLLOWED BY SUPERVISED RELEASE

18  OF AT LEAST FIVE YEARS AND UP TO LIFE IN ADDITION TO A FINE OF

19  UP TO $250,000.

20           AND THEN AS TO COUNTS 4 AND 5 EACH THE COURT MAY

21  IMPOSE A TERM OF IMPRISONMENT OF UP TO 30 YEARS AND MUST IMPOSE

22  A TERM OF IMPRISONMENT OF AT LEAST 15 YEARS FOLLOWED BY A TERM

23  OF SUPERVISED RELEASE OF AT LEAST FIVE YEARS AND UP TO LIFE IN

24  ADDITION TO A FINE OF UP TO $250,000.

25           MR. TRADER, DO YOU UNDERSTAND THAT THOSE ARE THE

1    POSSIBLE MAXIMUM PENALTIES THAT YOU ARE FACING IN THIS CASE?

2           THE DEFENDANT:  I DO, YOUR HONOR.

3           THE COURT:  AND DO YOU UNDERSTAND THAT SOME OF THOSE

4    ALSO HAVE A MANDATORY MINIMUM ASSOCIATED WITH THEM?

5           THE DEFENDANT:  YES, YOUR HONOR.

6           THE COURT:  PARAGRAPH FOUR INDICATES THAT IN ADDITION

7    TO THE POSSIBLE SENTENCES WE JUST DISCUSSED A SPECIAL

8    ASSESSMENT IN THE AMOUNT OF $100 AS TO EACH COUNT WILL BE

9    IMPOSED.  SO $500 TOTAL.

10           DO YOU UNDERSTAND THAT?

11           THE DEFENDANT:  YES, MA'AM.

12           THE COURT:  PARAGRAPH SIX IS WHAT WE CALL THE

13    ACCEPTANCE OF RESPONSIBILITY OF THAT.

14           AND IT SAYS THAT THE GOVERNMENT IS GOING TO RECOMMEND

15    A SENTENCE THAT YOU GET AT LEAST TWO LEVELS OFF OF YOUR

16    SENTENCING GUIDELINE RANGE AND THREE LEVELS IF YOUR RANGE IS 16

17    OR MORE AS LONG AS YOU DO CERTAIN THINGS, AND I WANT TO MAKE

18    SURE THAT WE GO OVER WHAT THOSE THINGS ARE THAT YOU MUST DO OR

19    CANNOT DO SO THAT YOU DON'T LOSE THAT ACCEPTANCE OF

20    RESPONSIBILITY (INAUDIBLE)

21           IT SAYS, THE GOVERNMENT WILL NOT BE REQUIRED TO MAKE

22    THESE RECOMMENDATIONS IF THE DEFENDANT, ONE, FAILS OR REFUSES

23    TO MAKE FULL, ACCURATE AND COMPLETE DISCLOSURE TO THE PROBATION

24    OFFICE ABOUT THE CIRCUMSTANCES SURROUNDING THE OFFENSE.

25           NUMBER TWO, IF THE DEFENDANT IS FOUND TO HAVE

 1  MISREPRESENTED FACTS TO THE GOVERNMENT PRIOR TO ENTERING THE

 2  PLEA AGREEMENT.

 3      AND NUMBER THREE, IS IF THE DEFENDANT COMMITS ANY

 4  MISCONDUCT AFTER ENTERING THIS AGREEMENT, WHICH INCLUDES

 5  VIOLATING THE LAW OR MAKING FALSE STATEMENTS OR

 6  MISREPRESENTATIONS.

 7      SO DO YOU UNDERSTAND THAT IF YOU DO ANY OF THOSE THREE

 8  THINGS THE GOVERNMENT WILL NOT BE REQUIRED TO RECOMMEND THREE

 9  LEVELS OFF FOR ACCEPTANCE OF RESPONSIBILITY?

10      THE DEFENDANT:  YES, MA'AM, I AGREE.

11      THE COURT:  NUMBER SEVEN SAYS THAT YOU AND THE

12  GOVERNMENT HAVE AGREED THAT YOU ARE RESERVING YOUR RIGHT TO

13  APPEAL THE DISTRICT COURT'S ORDER THAT DENIES YOUR (INAUDIBLE)

14  REQUEST, AND THAT YOUR RESERVATION OF THESE RIGHTS ARE LIMITED

15  TO THE FOURTH AMENDMENT ISSUE THAT YOU FACE, WHICH WERE WHETHER

16  THE GOVERNMENT OBTAINING A SUBSCRIBER INFORMATION FROM THE

17  SOCIAL MEDIA COMPANY FOR THE SEARCH UNDER THE FOURTH AMENDMENT

18  AND WHETHER THE SEARCH WARRANT IN THIS CASE WAS SUPPORTED BY

19  PROBABLE CAUSE.

20      THE PARAGRAPH FURTHER SAYS THAT YOU AND THE GOVERNMENT

21  AGREE THAT IF YOU PREVAIL ON APPEAL YOU WILL BE ALLOWED TO

22  WITHDRAW OR VACATE THIS GUILTY PLEA.

23      DO YOU UNDERSTAND THAT, SIR?

24      THE DEFENDANT:  YES, MA'AM.

25      THE COURT:  PARAGRAPH NINE SAYS THAT YOU UNDERSTAND

1 AND ACKNOWLEDGE THAT PURSUANT TO THE MANDATORY RESTITUTION FOR

2 SEX CRIMES SECTION OF THE VIOLENCE AGAINST WOMAN'S ACT OF 1994,

3 THE COURT MUST ORDER RESTITUTION IN (INAUDIBLE) VICTIMS IN THIS

4 CASE, AND THAT AMOUNT WILL BE DETERMINED AT SENTENCING OR AT A

5 SEPARATE RESTITUTION HEARING, AND THAT YOU AGREE TO PAY ANY

6 RESTITUTION THAT MAY BE ORDERED BY THE COURT.

7           DO YOU UNDERSTAND THAT, SIR?

8           THE DEFENDANT:  YES, MA'AM.

9           THE COURT:  PARAGRAPH 10 SAYS THAT YOU ARE AGREEING TO

10 FORFEIT TO THE UNITED STATES VOLUNTARILY AND IMMEDIATELY ALL OF

11 YOUR RIGHT, TITLE, OR INTEREST IN CERTAIN PROPERTY.  AND THERE

12 IS A LIST OF THAT PROPERTY THAT I'M GOING TO READ TO YOU TO

13 MAKE SURE THAT YOU UNDERSTAND ARE AGREEING THAT YOU ARE

14 ABANDONING YOUR RIGHT TO THAT STUFF.

15           THE FIRST IS A SAMSUNG SMARTPHONE.

16           NEXT IS AN LG G6 SMARTPHONE.

17           A 16 GIGABYTE SAN DISK SD CARD.

18           A WD MY PASSPORT ULTRA EXTERNAL HARD DRIVE.

19           A SAMSUNG SMARTPHONE.

20           NINE MEDIA STORAGE CARDS, AND

21           ONE TOSHIBA LAPTOP COMPUTER.

22           SIR, DO YOU UNDERSTAND THAT YOU ARE AGREEING TO

23 FORFEIT YOUR RIGHTS TO THAT PROPERTY?

24           THE DEFENDANT:  YES, MA'AM.

25           THE COURT:  AND PARAGRAPH 13 INDICATES THAT YOU

1 UNDERSTAND THAT BY PLEADING GUILTY YOU WILL BE REQUIRED TO

2 REGISTER AS A SEX OFFENDER UPON YOUR RELEASE FROM PRISON AS A

3 CONDITION OF YOUR SUPERVISED RELEASE.

4            DO YOU ALSO UNDERSTAND THAT INDEPENDENT OF YOUR

5 SUPERVISED RELEASE YOU WILL ALSO BE SUBJECT TO FEDERAL AND

6 STATE SEX OFFENDER REGISTRATION REQUIREMENT.

7            AND THE PARAGRAPH GOES ON TO DISCUSS WHAT SOME OF

8 THOUGHTS REQUIREMENTS ARE.

9            DO YOU UNDERSTAND THAT, SIR?

10            THE DEFENDANT:  YES, MA'AM.

11            THE COURT:  SIR, DO YOU UNDERSTAND ALL OF THE TERMS IN

12 THIS PLEA AGREEMENT?

13            THE DEFENDANT:  I DO, MA'AM.

14            THE COURT:  HAS ANYONE MADE ANY OTHER PROMISES OR

15 ASSURANCES TO YOU OF ANY KIND TO GET YOU TO PLEAD GUILTY IN

16 THIS CASE?

17            THE DEFENDANT:  NO, MA'AM.

18            THE COURT:  DO YOU UNDERSTAND THAT THE TERMS OF THE

19 PLEA AGREEMENT ARE MERELY RECOMMENDATIONS TO THE DISTRICT

20 COURT, AND THAT THE DISTRICT JUDGE CAN REJECT ANY OF THOSE

21 RECOMMENDATIONS WITHOUT PERMITTING YOU TO WITHDRAW YOUR PLEA OF

22 GUILTY.

23            DO YOU UNDERSTAND THAT?

24            THE DEFENDANT:  YES, MA'AM.

25            THE COURT:  DO YOU UNDERSTAND THAT YOU COULD -- THE

1 DISTRICT JUDGE COULD IMPOSE A SENTENCE ON YOU THAT'S MORE

2 SEVERE THAN YOU ANTICIPATE?

3        THE DEFENDANT: YES, MA'AM.

4        THE COURT: DO YOU UNDERSTAND THAT YOUR LAWYER, THE

5 GOVERNMENT, NO ONE CAN PREDICT WITH CERTAINTY WHAT THE SENTENCE

6 IS GOING TO BE IN THIS CASE.

7        DO YOU UNDERSTAND THAT?

8        THE DEFENDANT: YES, MA'AM.

9        THE COURT: HAS ANYONE ATTEMPTED IN ANY WAY TO FORCE

10 YOU TO PLEAD GUILTY IN THIS CASE?

11       THE DEFENDANT: NO, MA'AM.

12       THE COURT: ARE YOU PLEADING GUILTY OF YOUR OWN FREE

13 WILL BECAUSE YOU ARE IN FACT GUILTY?

14       THE DEFENDANT: YES, MA'AM.

15       THE COURT: DO YOU UNDERSTAND THAT THE OFFENSES THAT

16 YOU ARE PLEADING GUILTY TO ARE FELONY OFFENSES AND THAT IF YOUR

17 PLEA IS ACCEPTED YOU WILL BE ADJUDICATED GUILTY OF THOSE

18 OFFENSES AND YOU WILL HAVE TO GIVE UP CERTAIN RIGHTS THAT YOU

19 HOLD, SUCH AS THE RIGHT TO VOTE, THE RIGHT TO POSSESS WEAPONS,

20 THE RIGHT TO SERVE ON A JUROR, OR THE RIGHT TO HOLD PUBLIC

21 OFFICE.

22       DO YOU UNDERSTAND THAT?

23       THE DEFENDANT: YES, MA'AM.

24       THE COURT: IS THERE A FACTUAL BASIS STIPULATION IN

25 THIS CASE?

1       MR. PEACOCK:  THE GOVERNMENT HAS -- WE DIDN'T HAVE

2   TIME TO GET THAT FINALIZED BUT I HAVE SEEN IT.  I HAVE REVIEWED

3   IT AND WE DO AGREE TO IT.

4       AT THE TIME THAT I LAST SAW MR. TRADER IT WASN'T

5   FINALIZED SO HE HAS NOT BEEN ABLE TO READ IT AND SIGN IT.  I

6   DON'T KNOW WHAT THE COURT PREFERS US TO DO, HAVE HIM DO THAT

7   NOW OR JUST READ IT INTO THE RECORD.

8       THE COURT:  I'M GOING TO HAVE MR GYIRES READ THE

9   FACTUAL BASIS INTO THE RECORD.

10       AND, MR. TRADER, I WANT YOU TO LISTEN VERY CAREFULLY

11   BECAUSE AFTERWARDS I'M GOING TO ASK YOU ASK IF YOU AGREE THAT

12   THOSE ARE THE FACTS THE GOVERNMENT COULD PROVE AGAINST YOU IF

13   THIS WENT TO TRIAL.  OKAY?

14       MR. PEACOCK:  MAY I HAVE JUST ONE MINUTE, YOUR HONOR?

15       THE COURT:  SURE.

16       MR. GYIRES:  IT WILL BE ME -- IT'S FAIRLY LONG.  IT'S

17   ABOUT -- JUST SO THE COURT KNOWS IT'S ONE, TWO, -- TWO AND A

18   HALF PAGES SINGLE SPACED.

19       THE COURT:  THAT'S FINE.

20       MR. PEACOCK:  THANK YOU, JUDGE.

21       THE COURT:  OKAY.

22       MR. GYIRES, GO AHEAD.

23       MR. GYIRES:  HAD THIS CASE PROCEEDED TO TRIAL THE

24   UNITED STATES WOULD HAVE PROVEN AT LEAST THE FOLLOWING FACTS

25   BEYOND A REASONABLE DOUBT.

1          AND FOR THE RECORD THESE DO NOT CONTAIN ALL OF THE

2   FACTS KNOWN TO THE GOVERNMENT IN THIS CASE, YOUR HONOR.

3          ON OR ABOUT MAY 30TH, 2017, THE THOMASVILLE, NORTH

4   CAROLINA POLICE DEPARTMENT RECEIVED A COMPLAINT FROM THE

5   PARENT/GUARDIAN OF A NINE YEAR OLD FEMALE VICTIM WHO IS VICTIM

6   NUMBER ONE IN COUNT 1 OF THE INDICTMENT.

7          THE PARENT/GUARDIAN REPORTED HIS DISCOVERY OF SEXUALLY

8   EXPLICIT CHAT COMMUNICATIONS BETWEEN THE VICTIM AND HER CHAT

9   PARTNER NAMED SCOTT, WHO WAS LATER IDENTIFIED AS THE DEFENDANT

10  SCOTT JOSEPH TRADER WHO WAS IN FLORIDA.  THOSE CHATS WERE ON A

11  SMARTPHONE OF THE VICTIM ON AN APPLICATION CALLED SAYHI,

12  S-A-Y-H-I.

13         THE PARENT/GUARDIAN PROVIDED THE VICTIM'S MOBILE

14  DEVICE TO POLICE FOR EXAMINATION.  THE THOMASVILLE DEPARTMENT

15  REQUESTED THE ASSISTANCE OF HSI WINSTON-SALEM IN FURTHERING THE

16  INVESTIGATION.

17         HSI THERE -- THEIR EXAMINATION OF THE VICTIM'S DEVICE

18  REVEALED SAYHI SEXUALLY EXPLICIT COMMUNICATIONS WITH THE

19  DEFENDANT DURING THE MONTH OF MAY, INCLUDING ON THE EVENING OF

20  MAY 30TH, 2017 AND INTO THE MORNING HOURS OF MAY 31.  HSI SAW

21  CHATS FROM THE GOVERNMENT TO THE VICTIM THAT INCLUDED, AMONG

22  OTHER THINGS, NUMEROUS REQUESTS FROM HIM FOR THE VICTIM TO SEND

23  HIM NUDE IMAGES.

24         AT FIRST THE VICTIM PROVIDED TRADER SEVERAL PICTURES

25  OF HER FULLY CLOTHED WHICH CLEARLY INDICATED SHE WAS A PRETEEN

 1  FEMALE.  THE DEFENDANT TRADER ALSO ASKED THE VICTIM, AMONG

 2  OTHER THINGS, HOW OLD SHE WAS AND SHE TOLD HIM SHE WAS NINE, TO

 3  WHICH HE REPLIED, AH, YOU LOOK -- I'M SORRY.  AH, YOU'RE VERY

 4  PRETTY FOR YOUR AGE.  YOU LOOK SEXY IN THOSE PAJAMAS.

 5       IN RESPONSE TO TRADER'S REQUESTS THE VICTIM EVENTUALLY

 6  SENT AT LEAST ONE PHOTO OF HER VAGINA AND ONE PHOTO OF HER

 7  PULLING HER SHIRT UP EXPOSING HER NIPPLES.

 8       TRADER, THE DEFENDANT, ALSO SENT THAT SAME VICTIM A

 9  CHILD PORNOGRAPHY VIDEO USING SAYHI.  THIS VIDEO WAS 37 SECONDS

10  LONG AND SHOWED AN ADULT MALE RUBBING HIS PENIS ON THE VAGINA

11  OF A PREPUBESCENT FEMALE.  THE DEFENDANT TOLD THE VICTIM THAT

12  THE FEMALE DEPICTED IN THE VIDEO WAS HIS DAUGHTER, ALTHOUGH IT

13  APPEARS THAT THE VICTIM IN THAT VIDEO IS NOT THE DEFENDANT'S

14  DAUGHTER NOR IS THAT THE DEFENDANT IN THE VIDEO -- IN THAT

15  VIDEO.  THE DEFENDANT ALSO SENT A VIDEO OF HIMSELF MASTURBATING

16  TO THE VICTIM ALONG WITH A STILL IMAGE WHICH DEPICTED TRADER'S

17  FACE IN HIS BEDROOM ALONG WITH NUMEROUS OTHER PHOTOS.

18       AFTER SEEING THE VICTIM'S PHONE, HSI BEGAN TRYING TO

19  IDENTIFY THE DEFENDANT.  THE VICTIMS PHONE SHOWED THAT THE

20  DEFENDANT HAD A PROFILE ON SAYHI THAT HAD A PICTURE OF HIS FACE

21  ALONG WITH AN APPARENT MINOR FEMALE.  THE FACE DEPICTED IN

22  THE -- IN THAT STILL -- IN THE STILL IMAGE SENT TO THE NINE

23  YEAR OLD VICTIM MATCHED THE PROFILE IMAGE FOR SCOTT ON SAYHI.

24       SCOTT'S PROFILE ALSO LISTED HIS USER NAME FOR ANOTHER

25  SMARTPHONE APPLICATION CALLED KIK, K-I-K.  THE KIK PROFILE

1   PICTURE ALSO MATCHED THE AFOREMENTIONED SCOTT SAYHI PROFILE AND

2   STILL IMAGE PICTURES.

3        KIK RESPONDED TO AN EMERGENCY DISCLOSURE REQUEST FOR

4   THE SUBSCRIBER INFORMATION ASSOCIATED WITH THE USER NAME

5   INDICATING THE -- IN THAT RESPONSE TOLD HSI THE E-MAIL ACCOUNT

6   ASSOCIATED WITH THAT ACCOUNT WHICH WAS STRADER0227@YAHOO.COM.

7   KIK ALSO PROVIDED A LOGIN HISTORY INDICATING THERE WERE LOGONS

8   TO THE ACCOUNT FROM IP ADDRESS SEVEN 76.110.46.234 STARTING MAY

9   1, 2017 THROUGH MAY 31, 2017 AT 6:36 UTC TIME.

10        THE IP ADDRESS WAS REGISTERED TO COMCAST.  COMCAST

11   RESPONDED IDENTIFYING THE SUBSCRIBER'S NAME AND HOME ADDRESS IN

12   PORT SAINT LUCIE, FLORIDA, WHICH I WILL CALL THE TARGET

13   RESIDENCE.

14        A CHECK OF THE FLORIDA DEPARTMENT OF HIGHWAY SAFETY

15   AND MOTOR VEHICLE RECORDS INDICATED THAT THE DEFENDANT LISTED

16   HIS MAILING ADDRESS AS THE TARGET RESIDENCE.  THE DEFENDANT'S

17   DRIVER'S LICENSE PHOTOGRAPH MATCHED THE AFOREMENTIONED SCOTT

18   USER PROFILE AND THE IMAGES TRANSMITTED TO THE VICTIM, ALTHOUGH

19   THE ADDRESS ON THE DEFENDANT'S ACTUAL LICENSE WAS A DIFFERENT

20   ADDRESS.

21        A CRIMINAL HISTORY CHECK REVEALED THAT IN 2012 TRADER

22   WAS ARRESTED BY THE PORT SAINT LUCIE POLICE DEPARTMENT FOR

23   PROMOTING A SEXUAL PERFORMANCE BY A CHILD, LEWD BEHAVIOR AND

24   POSSESSION OF CHILD PORNOGRAPHY.  THOSE CHARGES WERE DROPPED,

25   ABANDONED, AND TRADER PLEADED NO CONTEST HAD AN ADJUDICATION

1  WITHHOLD OF ONLY FELONY CHILD NEGLECT.

2  RECORDS CHECK ALSO SHOWED THAT IN DECEMBER OF 2016

3  TRADER WAS ARRESTED FOR LEWD BEHAVIOR, MOLESTING A VICTIM LESS

4  THAN 12 YEARS OF AGE.

5  HSI FORT PIERCE, FLORIDA, ESTABLISHED SURVEILLANCE

6  AT -- OF THE TARGET RESIDENCE.  A FEMALE CHILD APPROXIMATELY

7  TWO YEARS OF AGE WAS SEEN ENTERING THE RESIDENCE AROUND 11:51

8  P.M.  FEDERAL MAGISTRATE JUDGE WILLIAM MATTHEWMAN SIGNED A

9  SEARCH WARRANT AUTHORIZING THE SEARCH OF THE TARGET RESIDENCE

10 TO INCLUDE COMPUTERS, SMARTPHONES AND OTHER ELECTRONIC STORAGE

11 DEVICES.  THE WARRANT WAS EXECUTED AROUND 1:1O A.M. ON JUNE 1.

12 THE DEFENDANT, MR. TRADER, WAS LOCATED INSIDE THE

13 RESIDENCE.  INSIDE THE HOUSE NUMEROUS ELECTRONIC STORAGE

14 DEVICES WERE FOUND THAT CONTAINED CHILD PORNOGRAPHY INCLUDING A

15 SAMSUNG SM-G92OT SMARTPHONE, AN LG G6 SMARTPHONE, A 16 GIGABYTE

16 SAN DISK SD SMARTPHONE, NINE MEDIA STORAGE CARDS CONSISTING OF

17 TWO SD CARDS, FOUR MICRO SD CARDS, AND THREE SIM CARDS, A

18 TOSHIBA C655D-S5202 LAPTOP COMPUTER.

19 THOSE DEVICES ARE LISTED IN THE PLEA AGREEMENT, YOUR

20 HONOR, FOR SPELLING PURPOSES.

21 ALL OF THESE DEVICES WERE MANUFACTURED OUTSIDE THE

22 STATE OF FLORIDA, AND THEREFORE PREVIOUSLY TRAVELED IN

23 INTERSTATE OR FOREIGN COMMERCE.  MANY OF THE DEVICES WERE FOUND

24 ON OR NEAR THE FLOOR UNDER A DVD STORAGE CABINET IN THE

25 DEFENDANT'S BEDROOM CONCEALED BEHIND ABOARD.

1            SOME OF THE CHILD PORNOGRAPHY FOUND ON THESE DEVICES

2    WAS PRODUCED BY THE DEFENDANT AND SOME HAD BEEN DOWNLOADED FROM

3    THE INTERNET BY THE DEFENDANT OR SENT BY ANOTHER PERSON OVER

4    THE INTERNET TO THE DEFENDANT.

5            ONE OF THE SD CARDS REVEALED TRADER'S SEXUAL ABUSE OF

6    MINOR FEMALES, INCLUDING VICTIM NUMBER TWO IN COUNT 4 OF THE

7    INDICTMENT, AND VICTIM NUMBER THREE IN COUNT 5 OF THE

8    INDICTMENT.

9            VICTIM NUMBER TWO AND THE VICTIM NUMBER THREE ARE THE

10   BIOLOGICAL DAUGHTERS OF THE DEFENDANT WHICH SEXUAL ABUSE

11   OCCURRED DURING THE TIMEFRAMES ALLEGED IN COUNTS 4 AND 5 OF THE

12   INDICTMENT, AND WHICH ABUSE WAS RECORDED BY OR TRANSFERRED ONTO

13   ELECTRONIC DEVICES THAT PREVIOUSLY TRAVELED IN INTERSTATE OR

14   FOREIGN COMMERCE.

15           THE SD CARD ALSO REVEALED MORE OF TRADER'S ONLINE

16   CHILD PORNOGRAPHY ACTIVITY AND HIS COLLECTION OF ONLINE CHILD

17   PORNOGRAPHY.  THE SD CARD APPEARED TO BE USED AS ADDITIONAL

18   STORAGE FOR THE PHONE WITH FOLDERS FOR VARIOUS APPLICATIONS.

19           ONE OF THE FOLDERS WAS FOR THE KIK APP.  IN THAT PHOTO

20   WAS AN IMAGE DATED OCTOBER 5, 2016, WHICH SHOWED TRADER, THE

21   DEFENDANT, SEATED ON A COUCH WITH HIS PANTS PULLED DOWN

22   EXPOSING HIS ERECT PENIS WITH THE VICTIM NUMBER TWO IN THE

23   INDICTMENT HUGGING THE DEFENDANT AND LOOKING AT THE CAMERA AS

24   THE DEFENDANT TOOK A SELFIE STYLE PHOTOGRAPH OF THE VICTIM

25   INCHES AWAY FROM HIS ERECT PENIS.  THE FOLDER ALSO CONTAINED

1  VIDEOS, FOR EXAMPLE, ONE DATED SEPTEMBER 9, 2016 OF THE

2  DEFENDANT DIGITALLY PENETRATING THE VAGINA OF A PRETEEN GIRL,

3  (INAUDIBLE) THE USE OF FINGERS, WHO IS VICTIM NUMBER THREE IN

4  THE INDICTMENT.

5          A PRELIMINARY EXAM OF THE WESTERN DIGITAL HARD DRIVE

6  REVEALED THAT IT CONTAINED MULTIPLE FOLDERS WITH OVER A

7  THOUSAND IMAGES AND VIDEOS OF CHILD PORNOGRAPHY.  ONE OF THE

8  FOLDERS WAS TITLED PICS OF ME WITH KIDS.  THE FOLDER CONTAINED

9  NUMEROUS IMAGES OF THE DEFENDANT ENGAGED IN SEXUAL EXPLICIT

10 CONDUCT WITH VICTIM NUMBER TWO IN THE INDICTMENT, INCLUDING THE

11 VICTIM'S MOUTH ON TRADER'S PENIS.  THE IMAGES DATE ALL THE WAY

12 FROM AT LEAST THE SEPTEMBER 2015 TIMEFRAME WHEN VICTIM NUMBER

13 TWO WAS TWO YEARS OLD.

14          PRELIMINARY FORENSIC ANALYSIS OF THE SD CARDS AND

15 OTHER SEIZED ELECTRONIC STORAGE DEVICES OR MEDIA ALSO REVEALED

16 AT LEAST THE FOLLOWING.

17          PHOTOS AND VIDEOS OF THE DEFENDANT TOUCHING AND

18 DIGITALLY PENETRATING AND MANIPULATING THE VAGINA OF VICTIM

19 NUMBER THREE.

20          PHOTOS AND VIDEOS OF THE DEFENDANT PULLING BACK

21 UNDERWEAR ON VICTIM NUMBER THREE.

22          PHOTOS AND VIDEOS OF THE DEFENDANT'S ERECT PENIS IN

23 CLOSE PROXIMITY OF VICTIM NUMBER TWO.

24          VIDEOS OF THE DEFENDANT EJACULATING NEXT TO VICTIM

25 NUMBER THREE'S HEAD AND DIGITALLY PENETRATING HER VAGINA.

1       VIDEOS OF THE DEFENDANT TELLING VICTIM NUMBER TWO WHO
2  WAS ABOUT TWO YEARS OLD AT THE TIME TO KISS HIS PENIS, AND SHE
3  DOES.

4       THOUSANDS OF PHOTOS AND VIDEOS OF CHILD PORNOGRAPHY
5  DOWNLOADED FROM THE INTERNET, INCLUDING THE SEXUAL ABUSE OF
6  INFANTS AND TODDLERS.

7       AND ONLINE CHATS BETWEEN THE DEFENDANT AND OTHER
8  INDIVIDUALS INVOLVING THE EXCHANGE OF CHILD PORNOGRAPHY.

9       AND AGAIN THESE FACTS, YOUR HONOR, DO NOT CONSTITUTE
10  ALL THE FACTS KNOWN TO THE GOVERNMENT IN THIS CASE.  THE VOLUME
11  OF CHILD PORNOGRAPHY CONTAINED ON THE DEVICES SEIZED IN THIS
12  CASE IS LARGE.  AND I HAVE THE ELEMENTS LISTED.  THEY'RE QUITE
13  LENGTHY.  I CAN GO OVER THEM OR HOWEVER THE COURT WOULD LIKE TO
14  DO THAT.

15       THE COURT:  IF YOU COULD JUST GO OVER THE ELEMENTS OF
16  EACH COUNT.

17       MR. GYIRES:  YES, YOUR HONOR.

18       THE COURT:  YOU DON'T HAVE TO GO OVER THE OTHER
19  DISCUSSION BUT JUST THE BASIC ELEMENTS OF EACH COUNT.

20       MR. GYIRES:  YES, YOUR HONOR.

21       AS TO COUNT 1, WHICH CHARGES ENTICEMENT OF A MINOR TO
22  ENGAGE IN SEXUAL ACTIVITY, IN VIOLATION OF 18 U.S. CODE,
23  SECTION 2422(B), THE GOVERNMENT HAS TO PROVE FIRST THAT THE
24  DEFENDANT KNOWINGLY PERSUADED, INDUCED, ENTICED, OR COERCED
25  VICTIM NUMBER ONE IN THE INDICTMENT TO ENGAGE IN SEXUAL

1  ACTIVITY.  AND THE TERM SEXUAL ACTIVITY IS DEFINED IN THE JURY

2  INSTRUCTIONS.

3       IN WHICH INCLUDES LASCIVIOUS EXHIBITION OF THE

4  GENITALS OR PUBIC AREA.  AND THERE IS A SIX FACTOR TEST THAT'S

5  IN THE JURY INSTRUCTIONS.

6       SECOND, THE DEFENDANT -- SECOND, THE GOVERNMENT HAS TO

7  PROVE THAT THE DEFENDANT USED A FACILITY OF INTERSTATE COMMERCE

8  TO DO SO, WHICH INCLUDES A TELEPHONE, A CELLPHONE, A COMPUTER

9  AND THE INTERNET.

10       THIRD, WHEN THE DEFENDANT DID THESE ACTS VICTIM NUMBER

11  ONE IN THE INDICTMENT WAS LESS THAN 18 YEARS OLD.

12       AND FOURTH, THAT ONE OR MORE OF THE INDIVIDUALS

13  ENGAGING IN THE SEXUAL ACTIVITY COULD HAVE BEEN CHARGED WITH A

14  CRIMINAL OFFENSE UNDER THE LAW OF FLORIDA.

15       IN THIS PARTICULAR INSTANCE, AS ONE EXAMPLE WOULD BE

16  FLORIDA STATUTE 827.071 ONE WHICH PENALIZES SEXUAL PERFORMANCE

17  BY A CHILD.

18       A PERSON IS GUILTY OF PROMOTING A SEXUAL PERFORMANCE

19  BY A CHILD, FOR EXAMPLE, WHEN HE PRODUCES, DIRECTS, OR PROMOTES

20  ANY PERFORMANCE OF SEXUAL CONDUCT BY A CHILD WHICH INCLUDES

21  ACTUAL LEWD EXHIBITION OF THE GENITALS.

22       FOR EXAMPLE, IT IS UNLAWFUL UNDER FLORIDA LAW FOR ANY

23  PERSON TO KNOWINGLY POSSESS, CONTROL, OR INTENTIONALLY REVIEW A

24  PHOTOGRAPH, VIDEO, OR IMAGE, OR OTHER PRESENTATION WHICH HE

25  KNOWS TO INCLUDE ANY SEXUAL CONDUCT BY A CHILD.  AND AGAIN

1    SEXUAL CONDUCT IS DEFINED.  THAT'S COUNT 1.

2         COUNT 2, YOUR HONOR, THE ELEMENTS FOR DISTRIBUTION OF

3    MATERIAL CONTAINING VISUAL DEPICTIONS OF SEXUAL EXPLOITATION OF

4    MINORS, IN VIOLATION OF 18, USC, SECTIONS 2252(A)(2) AND

5    (B)(1);

6         FIRST, THE GOVERNMENT WOULD HAVE TO PROVE THAT THE

7    DEFENDANT KNOWINGLY DISTRIBUTED A VISUAL DEPICTION.

8         SECOND, THE DEPICTION WAS SHIPPED OR TRANSPORTED IN

9    INTERSTATE OR FOREIGN COMMERCE BY ANY MEANS INCLUDING COMPUTER

10   OR INTERNET.

11        THIRD, PRODUCING THE VISUAL DEPICTION INVOLVED USING A

12   MINOR ENGAGED IN SEXUALLY EXPLICIT CONDUCT.

13        FOURTH, THE DEPICTION IS OF A MINOR ENGAGED IN

14   SEXUALLY EXPLICIT CONDUCT.

15        AND, FIVE, THE DEFENDANT KNEW THAT AT LEAST ONE

16   PERFORMER IN THE VISUAL DEPICTION WAS A MINOR AND KNEW THAT THE

17   DEPICTION SHOWED THE MINOR ENGAGED IN SEXUALLY EXPLICIT

18   CONDUCT.

19        AND AGAIN THE TERM SEXUALLY EXPLICIT CONDUCT IS

20   DEFINED IN THE JURY INSTRUCTIONS TO INCLUDE LASCIVIOUS

21   EXHIBITION OF THE GENITALS OR PUBIC AREA AMONG OTHER THINGS.

22        COUNT 3, YOUR HONOR, CHARGES POSSESSION OF MATTER

23   CONTAINING VISUAL DEPICTIONS OF SEXUAL EXPLOITATION OF MINORS,

24   IN VIOLATION OF TITLE 18, U.S. CODE, SECTIONS 2252(A)(4)(B)

25   AND (B)(2).

1      THE GOVERNMENT HAS TO PROVE, FIRST, THAT THE DEFENDANT

2  KNOWINGLY POSSESSED A VISUAL DEPICTION.

3      SECOND, THE DEPICTION WAS SHIPPED OR TRANSPORTED IN

4  INTERSTATE OR FOREIGN COMMERCE BY ANY MEANS INCLUDING THE

5  INTERNET.

6      THIRD, PRODUCING THE VISUAL DEPICTION INVOLVED USING A

7  MINOR ENGAGED IN SEXUALLY EXPLICIT CONDUCT.

8      FOURTH, THE DEPICTION IS OF A MINOR ENGAGED IN

9  SEXUALLY EXPLICIT CONDUCT.

10      AND, FIFTH, THE DEFENDANT KNEW THAT AT LEAST ONE

11  PERFORMER IN THE VISUAL DEPICTION WAS A MINOR AND KNEW THAT THE

12  DEPICTION SHOWED THAT THE MINOR ENGAGED IN SEXUALLY EXPLICIT

13  CONDUCT.

14      COUNTS 4 AND 5 CHARGE THE SAME STATUTE, PRODUCTION OF

15  MATERIAL CONTAINING VISUAL DEPICTIONS OF SEXUAL EXPLOITATION OF

16  MINORS, IN VIOLATION OF TITLE 18, U.S. CODE, SECTIONS 2251(A)

17  AND (E).

18      THE GOVERNMENT FOR THOSE COUNTS HAS TO PROVE, FIRST,

19  THAT AN ACTUAL MINOR, THAT IS A REAL PERSON WHO WAS LESS THAN

20  18 YEARS OLD WAS DEPICTED.

21      SECOND, THE DEFENDANT EMPLOYED, USED, PERSUADED,

22  INDUCED, ENTICED, OR COERCED THE MINOR TO ENGAGE IN SEXUALLY

23  EXPLICIT CONDUCT FOR THE PURPOSE OF PRODUCING A VISUAL

24  DEPICTION.

25      AND, THIRD, THAT THE VISUAL DEPICTION WAS PRODUCED

 1  USING MATERIALS THAT HAD BEEN MAILED, SHIPPED, OR TRANSPORTED

 2  IN INTERSTATE OR FOREIGN COMMERCE BY ANY MEANS INCLUDING BY

 3  COMPUTER.

 4          THE TERM PRODUCING MEANS, PRODUCING, DIRECTING,

 5  MANUFACTURING, ISSUING, PUBLISHING, OR ADVERTISING.  AND

 6  PRODUCTION IS NOT LIMITED TO THE MOMENT OF RECORDING.  IT ALSO

 7  ENCOMPASSES EMBODYING AN IMAGE OR VIDEO IN DIGITAL MEDIA, SUCH

 8  AS A HARD DRIVE OR DISC.

 9          THE COURT:  MR. TRADER, DID YOU HEAR THE FACTS THAT

10  THE GOVERNMENT SAID IT COULD PROVE AGAINST YOU IF THIS MATTER

11  WENT TO TRIAL?

12          THE DEFENDANT:  I DID, MA'AM.

13          THE COURT:  AND DO YOU AGREE THAT THE GOVERNMENT COULD

14  PROVE THOSE FACTS AGAINST YOU?

15          MR. PEACOCK:  I'M SORRY, JUDGE.  MAY I SPEAK TO

16  MR. TRADER?

17          THE COURT:  SURE.

18          MR. PEACOCK:  YOUR HONOR, I THINK WE'RE FINE.

19          THE GOVERNMENT HAS REFERRED TO SOME VERY SPECIFIC

20  INCIDENTS, AND MR. TRADER HAS -- I HAVE REVIEWED THE EVIDENCE

21  BUT MR. TRADER HAS NOT.  AND HE IS HAVING SOME DIFFICULTY

22  CONFIRMING THE SPECIFIC INCIDENTS THAT THE GOVERNMENT IS

23  REFERRING TO.

24          FOR PURPOSES OF THIS HEARING WE ARE CERTAINLY PREPARED

25  TO CONCEDE ALL OF THE ALLEGATIONS WITH REGARD TO VICTIM NUMBER

1    ONE.  WE CAN PUT THOSE ASIDE.

2         WITH VICTIMS TWO AND THREE, WE ARE CERTAINLY WILLING

3    TO CONCEDE THAT THERE IS EVIDENCE -- SPECIFIC EVIDENCE OF

4    SEXUAL ABUSE WHICH WOULD QUALIFY UNDER THE CHARGING STATUTES.

5         HOWEVER, AS TO THE SPECIFIC INCIDENTS MR. TRADER HAS

6    SOME CONCERN ABOUT THOSE.  AND AS THE COURT HEARD, SOME OF

7    THOSE THEY DATE BACK TO 2015.

8         SO WE COULD DO A COUPLE OF THINGS.

9         I THINK AGENT RAY MAY HAVE SPECIFIC PHOTOGRAPHS WHICH

10   WOULD SUBSTANTIATE THAT WHICH WE COULD POSSIBLY VIEW HERE -- OR

11   MR. TRADER COULD.

12        THE COURT:  SO WHAT I THINK WE SHOULD DO BECAUSE IT IS

13   A LENGTHY PROFFER WITH SOME VERY SPECIFIC, VERY SERIOUS

14   DETAILS.

15        SO I THINK THAT WE SHOULD SET THIS OVER FOR YOU ALL TO

16   COME TO A WRITTEN STIPULATION THAT HE IS WILLING TO SIGN.

17        MR. PEACOCK:  AND IT MAY BE THAT ONCE HE SEES THE

18   PHOTOGRAPHS WE CAN SIGN THAT STIPULATION.

19        THE COURT:  OKAY.  WHICH WILL BE FINE.

20        MR. PEACOCK:  IT WOULD TAKE ABOUT FIVE MINUTES TO DO

21   THAT IF THE COURT WOULD INDULGE US.

22        THE COURT:  WHY DON'T WE TAKE -- WELL, WE WILL TAKE A

23   15 MINUTE BREAK?

24        MR. PEACOCK:  YES, MA'AM.

25        THE COURT:  AND WE'LL COME BACK IN 15 MINUTES.

1        MR. PEACOCK:  NORMALLY --

2        THE COURT:  BUT I DON'T WANT -- IF THERE IS GOING TO

3 BE EXCEPTIONS THAT HE TAKES TO THE PROFFER THEN I DON'T WANT TO

4 DO IT VERBALLY.

5        I THINK THIS SHOULD BE SOMETHING THAT HE SIGNS OR YOU

6 CAN TAKE CERTAIN THINGS OUT, WHATEVER THE GOVERNMENT IS WILLING

7 TO TAKE OUT.  BUT I DON'T WANT TO GET INTO A THING WHERE WE'RE

8 SORT OF PARSING; WE AGREE TO THIS PART, WE DON'T AGREE WITH

9 THAT PART.

10       MR. PEACOCK:  VERY WELL.

11       THE COURT:  OKAY.  WE ARE IN RECESS.

12       [WHEREUPON, THERE WAS A BRIEF RECESS]

13       THE COURT:  THIS IS THE CASE OF THE UNITED STATES OF

14 AMERICA VERSUS SCOTT JOSEPH TRADER, CASE NUMBER

15 17-14047-CRIMINAL-MIDDLEBROOKS.

16       MAY I HAVE APPEARANCES FOR THE RECORD, PLEASE.

17       MR. GYIRES:  GOOD MORNING AGAIN, YOUR HONOR.  MARTON

18 GYIRES FOR THE UNITED STATES.

19       MR. PEACOCK:  FLETCHER PEACOCK ON BEHALF OF MR. TRADER

20 WHO IS ALSO PRESENT.

21       THE COURT:  OKAY.  SO WHERE ARE WE WITH RESPECT TO THE

22 FACTUAL PROFFER?

23       MR. PEACOCK:  YOUR HONOR, WE WERE ABLE TO DO A FEW

24 THINGS.

25       WE WERE ABLE TO VIEW SOME MORE OF THE DISCOVERY.  WE

1  WERE ALSO ABLE TO MODIFY THE FACTUAL PROFFER WHICH WE HAVE

2  SIGNED AND FORWARDED TO THE COURT.  AND WE ARE SATISFIED WITH

3  THAT PROFFER.  I THINK ALL PARTIES ARE.

4          AND, JUDGE, I JUST WANT TO BE CLEAR.  IF I MISSPOKE

5  BEFORE, I HAD INDICATED THAT MR. TRADER HADN'T SEEN THE

6  DISCOVERY.  WHAT I WAS REFERRING TO WERE THE ACTUAL

7  PHOTOGRAPHIC IMAGES.  HE HAS REVIEWED THE OTHER DISCOVERY.

8          THERE WAS A TEXT OF A CHAT, A SAYHI CHAT, WHICH THE

9  GOVERNMENT DID GIVE ME DURING THE INTERIM BREAK AND WE DID

10  REVIEW THAT AS WELL.

11          THE COURT:  OKAY.  VERY GOOD.

12          THANK YOU, MR. PEACOCK.

13          OKAY.  MR. TRADER, I RECEIVED A DOCUMENT ENTITLED,

14  STIPULATION OF FACTS AND ACKNOWLEDGEMENT OF OFFENSE ELEMENTS IN

15  SUPPORT OF A GUILTY PLEA.

16          ON THE LAST PAGE I SEE THREE SIGNATURES.  THE FIRST

17  TWO I RECOGNIZE AS MR. GYIRES AND MR. PEACOCK, AND THEN ON THE

18  THIRDS LINE I SEE A SIGNATURE ABOVE YOUR NAME.

19          IS THAT YOUR SIGNATURE, SIR?

20          THE DEFENDANT:  YES, MA'AM.

21          THE COURT:  HAVE YOU HAD THE OPPORTUNITY TO READ THIS

22  DOCUMENT IN ITS ENTIRETY?

23          THE DEFENDANT:  YES, MA'AM.

24          THE COURT:  HAVE YOU HAD THE OPPORTUNITY TO TALK TO

25  YOUR ATTORNEY ABOUT IT AND ASK HIM ANY QUESTIONS THAT YOU MAY

1    HAVE?

2            THE DEFENDANT:  YES, MA'AM.

3            THE COURT:  OKAY.  SIR, DO YOU AGREE THAT THIS

4    DOCUMENT SETS FORTH THE FACTS THE GOVERNMENT COULD PROVE

5    AGAINST YOU IF THIS MATTER PROCEEDED TO TRIAL?

6            THE DEFENDANT:  I DO, MA'AM.

7            THE COURT:  AND DO YOU AGREE THAT THE FACTS IN THIS

8    DOCUMENT MEET THE ESSENTIAL ELEMENTS THAT THEY  WOULD HAVE TO

9    PROVE AGAINST YOU?

10           THE DEFENDANT:  YES, MA'AM.

11           THE COURT:  OKAY.

12           MR. PEACOCK:  YOUR HONOR, JUST SO THE COURT IS AWARE.

13           WHEN MR. GYIRES ORIGINALLY READ THE PROFFER TO THE

14   COURT, HE WAS READING FROM ESSENTIALLY THE SAME DOCUMENT.  WE

15   REMOVED THE SENTENCE FROM THAT AND WE ADDED.  I DON'T KNOW IF

16   THE COURT WANTS TO SEE THE MODIFICATIONS, BUT THAT'S WHAT YOU

17   HAVE IN FRONT OF YOU.

18           THE COURT:  OKAY.  I'M JUST GOING TO REVIEW THIS

19   ONE --

20           MR. PEACOCK:  OKAY.

21           THE COURT:  -- SINCE THIS IS THE ONE THAT EVERYONE HAS

22   AGREED TO.

23           MR. PEACOCK:  IF YOU ARE SATISFIED THAT'S FINE, JUDGE.

24           THE COURT:  THANK YOU.

25           AND ARE BOTH PARTIES COMFORTABLE WITH THIS DOCUMENT

1 BEING FILED IN THE RECORD?

2          MR. PEACOCK:  YES, MA'AM.

3          MR. GYIRES:  YES, YOUR HONOR.

4          THE COURT:  THE COURT HAS REVIEWED THE FACTUAL

5 STIPULATION AND AGREES THAT IT SETS FORTH A SUFFICIENT FACTUAL

6 BASIS TO PROVE THE CHARGES AGAINST THE DEFENDANT.

7          SIR, ARE YOU A CITIZEN OF THE UNITED STATES OF

8 AMERICA.

9          THE DEFENDANT:  YES, MA'AM.

10          THE COURT:  DO YOU UNDERSTAND THE POSSIBLE

11 CONSEQUENCES OF THIS GUILTY PLEA?

12          THE DEFENDANT:  I DO, MA'AM.

13          THE COURT:  DO YOU UNDERSTAND THAT IF YOU ARE

14 SENTENCED TO SUPERVISED RELEASE AS A PART OF THE PUNISHMENT IN

15 THIS CASE, AND IF YOU VIOLATE ANY OF THOSE TERMS OF SUPERVISED

16 RELEASE YOU CAN BE GIVEN ADDITIONAL TIME IN PRISON?

17          THE DEFENDANT:  I DO, MA'AM.

18          THE COURT:  PURSUANT TO THE SENTENCING REFORM ACT OF

19 1984, THE UNITED STATES SENTENCING COMMISSION HAS ISSUED

20 GUIDELINES FOR JUDGES TO FOLLOW IN DETERMINING THE SENTENCE IN

21 A CRIMINAL CASE.

22          DO YOU UNDERSTAND THAT THE SENTENCING GUIDELINES HAVE

23 BEEN FOUND TO BE ADVISORY AND ARE NOT BINDING ON THE DISTRICT

24 COURT JUDGE IN SENTENCING YOU?

25          THE DEFENDANT:  YES.

1            THE COURT:  DO YOU UNDERSTAND THAT SINCE THESE

2   ADVISORY SENTENCING GUIDELINES ARE NOT MANDATORY THE SENTENCING

3   JUDGE IS NOT OBLIGATED TO FOLLOW THEM IN YOUR CASE?

4            THE DEFENDANT:  YES.

5            THE COURT:  HAVE YOU AND YOUR ATTORNEY TALKED ABOUT

6   HOW THE SENTENCING GUIDELINES MIGHT APPLY TO YOUR CASE?

7            THE DEFENDANT:  YES.

8            THE COURT:  DO YOU UNDERSTAND THAT IN DETERMINING YOUR

9   SENTENCE THE DISTRICT JUDGE WILL BE OBLIGATED TO CALCULATE THE

10  APPLICABLE SENTENCING GUIDELINE RANGE AS WELL AS POSSIBLE

11  DEPARTURES UNDER THE SENTENCING GUIDELINES AND OTHER SENTENCING

12  FACTORS?

13           THE DEFENDANT:  YES, MA'AM.

14           THE COURT:  DO YOU UNDERSTAND THAT THE DISTRICT JUDGE

15  WILL NOT BE ABLE TO DETERMINE THE ADVISORY GUIDELINE SENTENCE

16  UNTIL AFTER A PRESENTENCE REPORT HAS BEEN PREPARED BY THE

17  PROBATION OFFICE AND YOU AND THE GOVERNMENT HAVE HAD THE

18  OPPORTUNITY TO CHALLENGE THE FACTS AND THE APPLICATIONS OF THE

19  GUIDELINES THAT THE PROBATION OFFICE RECOMMENDS?

20           DO YOU UNDERSTAND THAT?

21           THE DEFENDANT:  YES, MA'AM.

22           THE COURT:  DO YOU UNDERSTAND THAT THE SENTENCE

23  ULTIMATELY IMPOSED MAY BE DIFFERENT FROM ANY ESTIMATE YOUR

24  ATTORNEY MAY HAVE GIVEN YOU?

25           THE DEFENDANT:  I DO, YOUR HONOR.

1              THE COURT:  DO YOU UNDERSTAND THAT AFTER YOUR ADVISORY

2    GUIDELINE RANGE HAS BEEN DETERMINED THE DISTRICT JUDGE HAS THE

3    AUTHORITY IN SOME CIRCUMSTANCES TO DEPART FROM THE GUIDELINE

4    RANGE AND IMPOSE A SENTENCE THAT IS EITHER MORE SEVERE OR

5    LEGALS SEVERE THAN THE SENTENCE CALLED FOR BY THE GUIDELINES?

6              THE DEFENDANT:  I DO.

7              THE COURT:  DO YOU UNDERSTAND THAT THE DISTRICT JUDGE

8    HAS THE AUTHORITY TO DEPART FROM THE SENTENCING GUIDELINES AND

9    SENTENCE YOU UP TO THE STATUTORY MAXIMUMS PERMITTED BY LAW IN

10   THIS CASE?

11             THE DEFENDANT:  YES, MA'AM.

12             THE COURT:  DO YOU UNDERSTAND THAT PAROLE HAS BEEN

13   ABOLISHED, AND IF YOU ARE SENTENCED TO A TERM OF IMPRISONMENT

14   YOU WILL NOT BE RELEASED ON PAROLE?

15             THE DEFENDANT:  YES, MA'AM.

16             THE COURT:  DO YOU UNDERSTAND THAT UNDER SOME

17   CIRCUMSTANCES YOU OR THE GOVERNMENT MAY HAVE THE RIGHT TO

18   APPEAL ANY SENTENCE IN THIS CASE?

19             THE DEFENDANT:  YES.

20             THE COURT:  SIR, DO YOU UNDERSTAND THAT YOU HAVE THE

21   RIGHT TO PLEAD NOT GUILTY AND TO PERSIST IN THAT PLEA?

22             THE DEFENDANT:  I DO.

23             THE COURT:  AND THAT IF YOU PLEAD NOT GUILTY YOU WOULD

24   HAVE THE RIGHT TO A TRIAL BY JURY.

25             DO YOU UNDERSTAND THAT?

```
 1            THE DEFENDANT:  YES, I DO.

 2            THE COURT:  AND YOU WOULD HAVE THE RIGHT TO AN

 3  ATTORNEY TO ASSIST YOU IN PRESENTING YOUR DEFENSE.

 4            DO YOU UNDERSTAND THAT?

 5            THE DEFENDANT:  YES.

 6            THE COURT:  AT THAT TRIAL YOU WOULD BE PRESUMED

 7  INNOCENT AND THE GOVERNMENT WOULD HAVE TO PROVE YOUR GUILT

 8  BEYOND A REASONABLE DOUBT.

 9            DO YOU UNDERSTAND THAT?

10            THE DEFENDANT:  YES.

11            THE COURT:  YOU WOULD HAVE THE RIGHT TO CROSS-EXAMINE

12  ALL OF THE WITNESSES.  YOU WOULD HAVE THE RIGHT ON YOUR OWN

13  PART TO DECLINE TO TESTIFY OR TO PRESENT ANY EVIDENCE IF YOU

14  DECIDED TO DO SO AND THAT COULD NOT BE HELD AGAINST YOU.

15            DO YOU UNDERSTAND THAT YOU HAVE THOSE RIGHTS?

16            THE DEFENDANT:  YES, MA'AM.

17            THE COURT:  DO YOU UNDERSTAND THAT YOU ALSO THE RIGHT

18  TO ISSUE SUBPOENAS AND BRING YOUR OWN WITNESSES IN HERE AND PUT

19  ON EVIDENCE IF YOU CHOSE TO DO SO?

20            THE DEFENDANT:  YES, MA'AM.

21            THE COURT:  DO YOU UNDERSTAND THAT IF YOU PLEAD GUILTY

22  TO THESE OFFENSES THAT YOU ARE WAIVING YOUR RIGHT TO A JURY

23  TRIAL AND ALL THOSE OTHER RIGHTS THAT WE JUST DISCUSSED?

24            THE DEFENDANT:  I DO.

25            THE COURT:  DO YOU UNDERSTAND THAT BY ENTERING A PLEA
```

1  OF GUILTY THE ONLY THING THAT WILL BE LEFT WILL BE FOR THE

2  DISTRICT JUDGE TO SENTENCE YOU.

3          THE DEFENDANT:  YES.

4          THE COURT:  SIR, HOW DO YOU NOW PLEAD TO COUNTS 1, 2,

5  3, 4 AND 5 OF THE INDICTMENT, DO YOU PLEAD GUILTY OR NOT

6  GUILTY?

7          THE DEFENDANT:  GUILTY, YOUR HONOR.

8          THE COURT:  IT IS THE RECOMMENDATION OF THIS COURT IN

9  THE CASE OF UNITED STATES OF AMERICA VERSUS SCOTT JOSEPH TRADER

10 THAT THE DEFENDANT IS FULLY COMPETENT AND CAPABLE OF ENTERING

11 AN INFORMED PLEA, THAT THE DEFENDANT IS AWARE OF THE NATURE OF

12 THE CHARGES AND THE CONSEQUENCES OF PLEADING GUILTY, AND THAT

13 THE PLEA OF GUILTY IS A KNOWING AND VOLUNTARY PLEA SUPPORTED BY

14 AN INDEPENDENT BASIS IN FACT CONTAINING EACH OF THE ESSENTIAL

15 ELEMENTS OF THE OFFENSES CHARGED.

16          THIS COURT FURTHER RECOMMENDS THAT THE PLEA BE

17 ACCEPTED AND THAT THE DEFENDANT BE ADJUDGED GUILTY OF THESE

18 OFFENSES.

19          DO YOU UNDERSTAND THAT A WRITTEN PRESENTENCE REPORT

20 WILL BE PREPARED BY THE PROBATION OFFICE TO ASSIST THE DISTRICT

21 JUDGE IN SENTENCING YOU?

22          THE DEFENDANT:  YES, MA'AM.

23          THE COURT:  DO YOU UNDERSTAND THAT YOU WILL BE ASKED

24 TO GIVE INFORMATION FOR THE REPORT AND YOUR ATTORNEY MAY BE

25 PRESENT AT THAT TIME IF YOU WISH?

1           THE DEFENDANT:  YES, MA'AM.

2           THE COURT:  DO YOU UNDERSTAND THAT THE COURT WILL

3  PERMIT YOU AND YOUR ATTORNEY TO READ THE PRESENTENCE REPORT AND

4  TO FILE ANY OBJECTIONS YOU MAY HAVE TO THE REPORT BEFORE

5  SENTENCING?

6           THE DEFENDANT:  I DO, YOUR HONOR.

7           THE COURT:  DO YOU UNDERSTAND THAT YOU AND YOUR

8  ATTORNEY WILL HAVE THE OPPORTUNITY TO SPEAK TO THE DISTRICT

9  JUDGE AT YOUR SENTENCING IF YOU DECIDE TO DO SO?

10          THE DEFENDANT:  YES.

11          THE COURT:  DO YOU UNDERSTAND THAT IF THERE ARE ANY

12  VICTIMS TO THESE OFFENSES, THOSE VICTIMS WILL ALSO BE GIVEN THE

13  OPPORTUNITY TO BE HEARD AT THE SENTENCING HEARING?

14          THE DEFENDANT:  YES.

15          THE COURT:  I HAVE RECEIVED A NOTICE OF SENTENCING

16  DATE IN THIS CASE WHICH INDICATES THAT SENTENCING WILL BE HELD

17  ON THURSDAY, NOVEMBER 30TH, 2017, AT ELEVEN A.M. IN FRONT OF

18  JUDGE MIDDLEBROOKS AT THE FEDERAL COURTHOUSE IN WEST PALM

19  BEACH.

20          MR. PEACOCK:  YES, MA'AM.

21          THE COURT:  MR. PEACOCK, IS THERE ANYTHING ELSE IN

22  THIS MATTER?

23          MR. PEACOCK:  YOUR HONOR, I HAVE SPOKEN TO MR. GYIRES.

24          I DON'T KNOW WHETHER THE COURT REVIEWED THE SIGNATURES

25  ON THE FACTUAL STIPULATION OR NOT.

 1          THE COURT:  I THINK I DID BUT LET ME JUST DO IT ONCE

 2   MORE TO MAKE SURE.

 3          OKAY.  I HAVE THIS DOCUMENT THAT WAS PREPARED DURING

 4   THE BREAK THAT WE TALKED ABOUT.  YOU SAID YOU HAD A CHANCE TO

 5   REVIEW IT, CORRECT?

 6          THE DEFENDANT:  YES.

 7          THE COURT:  ON THE THIRD PAGE I SEE THREE SIGNATURES.

 8   I RECOGNIZE THE FIRST TWO AS MR. GYIRES AND MR. PEACOCK.  ON

 9   THE THIRD LINE THERE IS A SIGNATURE ABOVE THE NAME SCOTT JOSEPH

10   TRADER.

11          IS THAT YOUR SIGNATURE, SIR?

12          THE DEFENDANT:  IT IS.

13          THE COURT:  OKAY.  AND YOU DID REVIEW THIS DOCUMENT

14   AND YOU DID AGREE THAT THE GOVERNMENT COULD PROVE THIS AGAINST

15   YOU, CORRECT?

16          THE DEFENDANT:  YES, MA'AM.

17          THE COURT:  OKAY.  ANYTHING ELSE, MR. GYIRES?

18          MR. GYIRES:  THERE IS ONE OTHER THING, YOUR HONOR.

19          THE PLEA AGREEMENT CONTAINS AN AGREEMENT TO -- THAT

20   THE PARTIES AGREE THAT THE DEFENDANT CAN RESERVE HIS APPELLATE

21   RIGHTS AS TO TWO ISSUES.

22          THE COURT:  YES.

23          MR. GYIRES:  SO THIS IS A CONDITIONAL PLEA.  AND

24   CONDITIONAL PLEAS, YOUR HONOR, I HAVE THE CASES, REQUIRE THE

25   COURT'S EXPLICIT APPROVAL.

 1          SO I THINK WE NEED TO MAKE AN EXTRA FINDING THAT WE

 2   NORMALLY DON'T DO, THAT THAT PROVISION OF THE PLEA AGREEMENT IS

 3   PROPER.

 4          AND THE -- AND IF THE COURT WOULD LIKE TO KNOW THAT

 5   THE CASE THAT SAYS -- THAT SAYS EXPRESSED APPROVAL IS REQUIRED

 6   IS UNITED STATES VERSUS PIERRE, P-I-E-R-R-E, 120 F.3D 1152,

 7   ELEVENTH CIRCUIT, 1997.

 8          AND THE CASE LAW DISCUSSES THE -- WHETHER IT'S

 9   PROPER IS -- THERE IS REALLY TWO -- I THINK TWO IMPORTANT

10   THINGS.

11          ONE IS THAT IT'S CASE DISPOSITIVE, THAT IF THE

12   DEFENDANT WINS THEN BASICALLY THE LIKELIHOOD OF THE CASE BEING

13   DISMISSED IS PRETTY HIGH; AND, TWO, THAT IT'S A QUESTION OF LAW

14   AND NOT FACT.

15          AND THOSE ARE BOTH THE CASE HERE BECAUSE THE FOURTH

16   AMENDMENT ISSUES, AND IF THE GOVERNMENT -- ISSUE NUMBER ONE IS

17   WHETHER SUBSCRIBER INFORMATION -- RECEIVING SUBSCRIBER

18   INFORMATION OF THE SEARCH UNDER THE FOURTH AMENDMENT, AND IF IT

19   IS THAT -- THAT MIGHT END UP MEANING THE CASE GETS DISMISSED.

20          AND THE SECOND ISSUE WAS WHETHER THERE IS PROBABLE

21   CAUSE IN THE SEARCH WARRANT.  AND SINCE I THINK ALL OF THE

22   EVIDENCE, OR MOST -- CERTAINLY ALL OF THE EVIDENCE OR MOST OF

23   THE EVIDENCE WAS AS A RESULT OF THAT SEARCH WARRANT.  AGAIN

24   THAT WOULD MEAN BASICALLY THE LIKELIHOOD OF THE CASE GETTING

25   DISMISSED IS HIGH.

 1          AND BOTH ISSUES ARE QUESTIONS OF LAW.  JUDGE

 2  MIDDLEBROOKS ISSUED AN ORDER WITHOUT A HEARING CITING THE

 3  REASONS THAT THEY ARE QUESTIONS OF LAW.  SO I THINK IT'S --

 4  THOSE ARE THE REASONS THE GOVERNMENT -- OUR APPELLATE SECTION

 5  APPROVED IT SPECIFICALLY AS BEING PROPER FOR CONDITIONAL PLEAS

 6  WHICH WE OFTEN DON'T DO.

 7          THE COURT:  OKAY.

 8          MR. PEACOCK:  WE CONCUR, YOUR HONOR.

 9          THE COURT:  OKAY.  SO WE TALKED ABOUT (INAUDIBLE)

10  WHICH IS YOUR RIGHT TO APPEAL.  AND WE TALKED ABOUT HOW THE

11  GOVERNMENT AGREED TO ALLOW YOUR APPEAL (INAUDIBLE) THE JUDGE'S

12  ORDER, THE LIMITED RIGHT OF APPEAL.  AND IT'S RESERVED TO TWO

13  ISSUES WHICH WE HAVE DISCUSSED, AND WHICH ARE IN THE PLEA

14  AGREEMENT.

15          DO YOU RECALL THAT DISCUSSION, SIR?

16          THE DEFENDANT:  YES.

17          THE COURT:  AND DO YOU UNDERSTAND THAT PROVISION?

18          THE DEFENDANT:  YES, I DO.

19          THE COURT:  OKAY.

20          AND, MR. GYIRES, ARE YOU SAYING THAT BEYOND ME FINDING

21  THAT THAT WAIVER OR THAT -- THAT HE UNDERSTANDS AND HAS

22  VOLUNTARILY AGREED TO THAT.  IS THERE ANOTHER SPECIFIC FINDING

23  THAT I NEED TO MAKE?

24          MR. GYIRES:  YES.  THAT THE COURT APPROVES -- APPROVES

25  THE PLEA AGREEMENT -- EXPRESSIVELY APPROVES THE CONDITIONAL

```
 1   NATURE OF THE PLEA AGREEMENT.
 2            THE COURT:  OKAY.  THE COURT WILL GO AHEAD AND APPROVE
 3   THE CONDITIONAL NATURE OF THAT PLEA AGREEMENT.
 4            THE COURT FURTHER FINDS THAT YOU UNDERSTAND THAT AND
 5   THAT YOU'RE AGREEING TO IT IS KNOWING AND VOLUNTARY.
 6            IS THAT GOOD, MR. GYIRES?
 7            MR. GYIRES:  THANK YOU, YOUR HONOR.
 8            YES.
 9            THE COURT:  ALL RIGHT.  VERY GOOD.
10            GOOD LUCK TO YOU, SIR.
11            THE DEFENDANT:  THANK YOU, MA'AM.
12            MR. PEACOCK:  THANK YOU, JUDGE.
13            THE CLERK:  ALL RISE.
14            THE COURT IS IN RECESS.
15                            -  -  -
16
17
18
19
20
21
22
23
24
25
```

```
 1

 2

 3                    C E R T I F I C A T E

 4

 5

 6   UNITED STATES OF AMERICA

 7   SOUTHERN DISTRICT OF FLORIDA

 8

 9

10        I, CARL SCHANZLEH, OFFICIAL COURT REPORTER OF THE UNITED

11   STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, DO

12   HEREBY CERTIFY THAT THE FOREGOING 38 PAGES CONSTITUTE A TRUE

13   TRANSCRIPT OF THE PROCEEDINGS HAD BEFORE THE SAID COURT HELD IN

14   THE CITY OF FORT PIERCE, FLORIDA, IN THE MATTER THEREIN STATED.

15        IN TESTIMONY WHEREOF, I HEREUNTO SET MY HAND ON THIS

16   12TH DAY OF JANUARY 2018.

17

18                         /S/CARL SCHANZLEH
                           CARL SCHANZLEH, RPR-CM
19                         CERTIFIED COURT REPORTER
                           9960 SW 4TH STREET
20                         PLANTATION, FL 33324
                           TELEPHONE 954 424-6723
21

22

23

24

25
```